**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Sharon Schmid** | : | **JURY TRIAL DEMANDED** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Borton-Lawson Engineering, Inc.** | : | **No.:** |
| **Defendant** | : | |

## COMPLAINT

Plaintiff Sharon Schmid ("Ms. Schmid") by her attorney, George R. Barron, Esquire, for her Complaint alleges as follows:

## INTRODUCTION

1.     This action for declaratory, injunctive, monetary and other appropriate relief is brought by named plaintiff against the defendant to redress intentional violations by defendant of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2.     Defendant wrongfully discriminated against, wrongfully terminated, failed to accommodate and/or excluded or otherwise denied equal employment opportunities and benefits and unlawfully deprived Ms. Schmid of her rights under the Americans with Disabilities Act of 1990, 42  U.S.C. §12101 et seq., because of her disability. In addition, defendant tortuously inflicted emotional and physical distress upon Ms. Schmid by its conduct regarding Ms. Schmid's employment and disability in violation of the common law of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §§ 1331, and 1367. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because the events and omissions complained of occurred in this judicial district.

4.      All conditions precedent to jurisdiction under section 706 of Title VII, 42 U.S.C. &2000e-5(f)(1), have occurred or been complied with. Plaintiff filed a claim of employment discrimination with the Pennsylvania Human Resources Commission ("PHRC") and with the Equal Employment Opportunity Commission ("EEOC"). The EOC issued a Notice of Right to Sue. This Complaint is filed within 90 days of such Notice of Right to Sue.

## THE PARTIES

4.      Plaintiff Sharon Schmid is a resident of Wilkes-Barre, Pennsylvania.

5.      Defendant Borton-Lawson Engineering, Inc. is a Pennsylvania Professional Corporation with a place of business at 613 Baltimore Drive, Suite. 300, Wilkes-Barre, Pennsylvania.

6.      Ms. Schmid was, at all relevant times, employed by defendant and was an "employee" within the meaning of 42 U.S.C. § 12111 et. seq. and the Pennsylvania Human Relations Act.

7.      Ms. Schmid was, at all relevant times, a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 et. seq. and the Pennsylvania Human Relations Act.

8.      Defendant is a "covered entity"  within the meaning of 42 U.S.C. § 12111 et. seq. and the Pennsylvania Human Relations Act.

9.     Defendant was, at all relevant times, an "employer" within the meaning of 42 U.S.C. § 12111 et seq.

## STATEMENT OF FACTS

10.     Ms. Schmid was hired by defendant on or about May 14, 2001.

11.     Ms. Schmid was last employed by defendant as a Marketing Communications Coordinator.

12.     Mary Ellen Petcavage ("Petcavage") is employed by defendant as a Human Resources Manager, and is an agent of Defendant.

13.     Melissa D. Fisher ("Fisher") is employed by defendant as a Marketing Director and is an agent of Defendant.

14.     Kevin Johnson ("Johnson") is a former employee of defendant and was Ms. Schmid's immediate supervisor and an agent of defendant from approximately May 14, 2001 to approximately April 1, 2003.

15.     From approximately April 1, 2003 to the date of Ms. Schmid's termination, Fisher was Ms. Schmid's immediate supervisor.

16.     Ms. Schmid suffers from Major Depression and Dysthymic Disorder.

17.     Ms. Schmid has, since approximately September 2000, been in treatment for said Major Depression and Dysthymic Disorder with her psychologist and family doctor.

18.     Ms. Schmid has, since approximately September 2003, been in treatment for said Major Depression and Dysthymic Disorder with her psychiatrist.

19.     Despite the treatment she received, Ms. Schmid's Major Depression and Dysthymic Disorder regularly caused her to have difficulty awakening in the morning and, consequently, difficulty arriving at work on time.

20.     Ms. Schmid's Major Depression and Dysthymic Disorder is a "disability" as that term is defined by the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

21.     From approximately May 14, 2001 to approximately April 1, 2003, with the knowledge and consent of defendant and Johnson, Ms. Schmid worked a "flex-time" schedule that allowed her to adjust her daily start time as required by her disability.

22.     On or about April 1, 2003, when Fisher became Ms. Schmid's immediate supervisor, defendant withdrew the "flex-time" option and began to require that Ms. Schmid arrive each morning at 8:00 a.m.

23.     On several occasions after April 1, 2003 Ms. Schmid shared  the  reason for her difficulty arriving at work on time and the prior "flex-time" accommodation with Fisher.

24.     On several occasions after April 1, 2003, Ms. Schmid told Fisher of her diagnosis of Major Depression and Dysthymic Disorder.

25.     On several occasions after April 1, 2003 Ms. Schmid told Fisher of the treatment she was undergoing to treat her Major Depression and Dysthymic Disorder.

26.     On at least one occasion, Fisher suggested to Ms. Schmid that Ms. Schmid try antidepressant medication.

27.     At all times relevant, Ms. Schmid was qualified for her position with defendant.

28.     Ms. Schmid never received any notice from defendant that her job performance

was unsatisfactory for any reason other that the timeliness issue.

29.     Ms. Schmid regularly offered to work evening and weekend hours in order to compensate for her late arrival at work.

30.     Defendant regularly allowed other employees to work altered hours.

31.     Ms. Schmid repeatedly requested that defendant allow her to go back to the "flex-time" schedule in place prior to April 1, 2003.

32.     On or about August 1, 2003, defendant agreed to adjust Ms. Schmid's schedule to allow Ms. Schmid to arrive at work at 8:15 a.m.

33.     Ms. Schmid arrived to work at approximately 8:20 a.m. on two occasions in October 2003.

34.     Ms. Schmid informed defendant that her disability was the cause of her tardiness and requested an additional accommodation regarding her start time.

35.     On October 23, 2003, defendant informed Ms. Schmid that no further accommodation would be extended and that further tardiness would be grounds for dismissal.

36.     At no time after August, 2003 did defendant extend any further offer of accommodation for Ms. Schmid's disability.

37.     Defendant terminated Ms. Schmid's employment on October 28, 2003.

38.     Defendant's stated reason for the termination was "failure to follow supervisor's direction and refusal to follow company procedure".

## COUNT I
## AMERICANS WITH DISABILITIES ACT

39.    Paragraphs 1 through 38 are incorporated herein by reference as if set forth in full.

40    The Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 1218(a).

41.    Major Depression and Dysthymic Disorder constitutes a "disability" as defined by the ADA.

42.    Ms. Schmid requested reasonable accommodations to accommodate her disability.

43.    Through their actions described above, defendant has wrongfully discriminated against Ms. Schmid on the basis of her disability by terminating and failing to accommodate Ms. Schmid in violation of the ADA.

44.    Defendant's wrongful acts and omissions include failing to accommodate Ms. Schmid by altering her hours or providing flexible work hours and failing to give Ms. Schmid the same or similar employment conditions as other employees.

45.    Defendant made only a token effort to accommodate Ms. Schmid's disability and failed to engage in a good faith interactive process.

46    Based upon the foregoing, Ms. Schmid alleges that defendant did violate the Americans with Disabilities Act.


## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT

47.    Paragraphs 1 through 46 are incorporated herein by reference as if set forth in full.

48.     Based upon the foregoing, Ms. Schmid alleges that defendant did violate Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. 951-963.

## COUNT III
## TORTIOUS INFLICTION OF EMOTIONAL DISTRESS

49.     Paragraphs 1 through 48 are incorporated herein by reference as if set forth in full.

50.     Defendant, through its actions, inflicted extreme emotional distress upon Ms. Schmid, exacerbating her existing depression and negatively impacting her ability to enjoy life and engage in meaningful relationships with those close to her.

## PRAYER FOR RELIEF

51.     Since her employment was terminated, Ms. Schmid has suffered lost wages, lost employment opportunities, loss of medical benefits and other fringe benefits. In addition, Ms. Schmid has and will continue to suffer severe emotional distress.

WHEREFORE, Ms. Schmid respectfully requests that this Court:

(a)  Enter a declaratory judgment that defendant's actions, policies, practices and procedures complained of herein have violated and continue to violate the rights of plaintiff as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania

(b)  Require defendant to reinstate Ms. Schmid to a position equivalent to that which she

previously held and to restore Ms. Schmid full income and benefits that she would have received had she not been the victim of defendant's discriminatory and unlawful acts;

(c)  Award to Ms. Schmid damages for lost income and benefits at the same level as if she had been fully employed since October 28, 2003 by defendant;

(d)  Award to Ms. Schmid damages in compensation for emotional distress, anguish and humiliation suffered by her, loss of her self-esteem and the ability to provide herself with the rewards of her chosen career;

(e)  Grant to Ms. Schmid a judgment against defendant for punitive or exemplary damages in a monetary award;

(f)  Award to Ms. Schmid costs, disbursements and reasonable attorney fees; and

(g)  Grant to Ms. Schmid such additional relief as this Court deems just and proper.


## DEMAND FOR JURY

Plaintiffs demand a jury trial for all claims triable by a jury.

/s/ George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088