IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sharon Schmid** | : | **JURY TRIAL DEMANDED** |
|    Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Borton-Lawson Engineering, Inc. | : | |
|    Defendant | : | No.: 3: 05-CV-1660 |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO AMEND
THE COMPLAINT AND TO ADD ADDITIONAL PARTIES**

Plaintiff Sharon Schmid ("Ms. Schmid"), by her attorney George R. Baron, respectfully submits this brief in support of his motion for leave to amend the complaint and to add parties, with such amendment to relate back to the filing of the original Complaint.

**FACTS RELEVANT TO THIS MOTION**

As stated in the Motion to Amend the Complaint, the need to amend the Complaint arises out of documents produced by defendant Borton-Lawson Engineering, Inc. ("BLE") during the discovery process. Specifically, BLE produced an e-mail dated October 27, 2003 from Beth Ann Delany ("Delany"), a Licensed Social Worker with Corporate Counseling and Training Services, Inc.("CCTS") to Mary Ellen Petcavage ("Petcavage") of BLE.

1

CCTS/Delany contracted with BLE to provide counseling and psychological services to BLE employees as part of an Employee Assistance Program ("EAP"). BLE employees, including Ms. Schmid, were assured repeatedly by BLE and CCTS/Delany that the counseling they would receive was confidential.

During her employment with BLE, and at the urging of BLE, Ms. Schmid began attending counseling sessions with CCTS/Delany. Those counseling sessions included counseling regarding her mental health, her disability and related issues.

In the course of said counseling relationship Ms. Schmid expressed to CCTS/Delany her frustration that BLE would not accommodate her disability by adjusting her start time. Ms. Schmid made these statements with the understanding that they would be confidential.

In the October 27, 2003 e-mail, CCTS/Delany informed Petcavage that Ms. Schmid was considering a "hostile environment" lawsuit against BLE.

Petcavage called a meeting the following morning which was attended by Christopher Borton ("Borton"), Thomas Larson (Larson"), Melissa Fisher ("Fisher") and Petcavage. Ms. Schmid was fired later that day.

The existence, substance and timing of this e-mail have given rise to claims against CCTS, Delany, Borton, Lawson, Fisher and Petcavage. It has also given

rise to additional claims against BLE.  Plaintiff had no way of knowing about, nor any reason to suspect the actions that underlie these new claims until said e-mail was produced by BLE.

In order to properly assert these new claims, plaintiff respectfully moves to amend the complaint in the form which is attached hereto as Exhibit A.  Plaintiff further moves that such amendment relate back to the time of the filing of the Complaint, pursuant to Fed.R.Civ.Pro. 15(c).

The claims against CCTS, Delany, Borton, Lawson, Fisher and Petcavage, as well as the additional claims against BLE, which are contained in the proposed Amended Complaint, arose out of the same conduct, transaction and/or occurrence set forth in the original Complaint.

## ARGUMENT

### THIS COURT SHOULD GRANT LEAVE
### TO AMEND THE COMPLAINT

Leave to amend a complaint "shall be freely given when justice so requires" Fed. R. Civ. P. 15.  There is no prejudice to any person or entity in granting leave to amend.  Under the standards set forth in Fed.R.Civ.Pro. 15 and the case law interpreting it, this Court should grant such leave to amend the complaint.

## THIS COURT SHOULD ALLOW SUCH AMENDMENT TO RELATE BACK TO THE ORIGINAL FILING OF THE COMPLAINT

Rule 15(c) of the Federal Rules of Civil Procedure provides, *inter alia*, as follows:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the present case, Rule 15(c)(2) and (3) are satisfied. The claims asserted all arise out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." All of the facts alleged in the proposed Amended Complaint are consistent with those alleged in the original Complaint with the exception of those relating to CCTS and Delany and those that were only revealed during the discovery process. The claim asserted thus "arose out of the conduct, transaction or occurrence set forth . . . in the original pleading."

"An amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake -- whether the mistake is based on lack of knowledge or mere misnomer" *Arthur v. Maersk, Inc.*, 434 F.3d 196 (3rd Cir. Ct. App.) 2006.  Borton, Lawson, Petcavage and Fisher had notice of the institution of the action as they were all employed by BLE when the initial complaint was filed. Borton, Lawson, Petcavage, Fisher, CCTS and Delany knew or should have known that they would have been named in the original complaint but for the plaintiff's lack of knowledge regarding the October 27, 2003 e-mail and the October 28, 2003 meeting at the time of the original filing.

In this case, the mistake was based upon the lack of knowledge corrected by the October 27, 2003 e-mail.  That e-mail was not available to plaintiff before it was disclosed by BLE and therefore plaintiff had no knowledge of the facts underlying her claims.

## CONCLUSION

Plaintiff Sharon Schmid respectfully requests that this Court permit her to amend the Complaint, add CCTS, Delany, Borton, Lawson, Fisher and Petcavage as party defendants, add the additional claims against BLE, and have such Amended Complaint relate back to the filing of the original Complaint.

/s/ George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088