IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

SHARON SCHMID, PLAINTIFF

V.

BORTON LAWSON ENGINEERING, INC., DEFENDANT
No.: 3:CV-05-1660

(JUDGE WILLIAM J. NEALON)

---

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND ADD ADDITIONAL PARTIES

---

By: James C. Oschal, Esquire
I.D. No. PA 53846
Thomas J. Campenni, Esquire
I.D. No. PA 87809
Rosenn, Jenkins & Greenwald, L.L.P.
15 South Franklin Street
Wilkes-Barre, Pennsylvania 18711-0075
(570) 826-5621

Attorneys for Defendant,
BORTON LAWSON ENGINEERING, INC..

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION ...........................................................................................1

II.  RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..........1

III. ARGUMENT .................................................................................................3

    A.   Plaintiff's Motion To Amend Should Be Denied Because The
        Proposed Amended Complaint Causes Undue Delay, Is Unduly
        Prejudicial, And Asserts Claims That Fail As A Matter Of Law. ....................3

    B.   Plaintiff's Motion To Amend Should Be Denied Because Her
        Proposed Amended Complaint Alleges Claims That Are Time-Barred
        In That Do Not Relate Back To The Original Pleading. .................................21

IV.  CONCLUSION .............................................................................................29

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

Ackah v. Hershey Foods Corp., 236 F. Supp.2d 440, 444 (M.D. Pa. 2002) ...................................9

Ackel v. National Communications, Inc., 339 F.3d 376, 385 (5th Cir. 2003) .................................8

Antol v. Perry, 82 F.2d 1291, 1295 (3d Cir. 1996) ........................................................................9

Aquilino v. Philadelphia Catholic Archdiocese, 884 A.2d 1269, 1275 (Pa. Super. 2005).........21

Baldwin County Welcome Ctr. v. Broan, 466 U.S. 147, 149-50, 104 S.Ct. 1723,
    80 L. Ed.2d 196 (1984).............................................................................................................24

Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)...................................................26

Belverena v. Central Parking System, Inc., Civil A. No. 05-4364, 2005 WL 2850343,
    at *2 (E.D. Pa. Oct. 31, 2005)..................................................................................................13

Bold v. Sports Center Assoc., Civil A. No. 2980, 1999 WL 79748, at *2 (E.D. Jan. 20, 1999)...13

Brieck v. Harbison-Walker Refractories, 624 F. Supp. 363, 367 (W.D. Pa. 1985), aff'd in
    relevant part, 822 F.2d 52 (3d Cir. 1987) ...............................................................................12

Chicarella v. Passant, 343 Pa. Super. 330, 339, 494 A.2d 1109, 1114 (1985).......................17, 18

Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 559 A.2d 917, 918 (1989) .............20

Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) ..................................................11

Douris v. Schweiker, 229 F. Supp.2d 391, 396-97 (E.D. Pa. 2002)......................................6, 9, 10

Fakete v. Aetna Incorp., 152 F. Supp.2d 722, 731 (E.D. Pa. 2001) .............................................10

Fewell v. Besner, 444 Pa. Super. 559, 569, 664 A.2d 577, 582 (1995) .......................................12

Fieni v. Pocopson Home, Civil A. No. 96-5343, 1997 WL 220280, at *5-*6
    (E.D. Pa. April 29, 1997).......................................................................................................9, 10

Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 27, 230, 9 L. Ed. 2d 22 (1962)...........................3, 4

Fullman v. Phila. Int'l Airport, 49 F. Supp.2d 434, 441 (E.D. Pa. 1999).......................................6

Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 378,
      99 S.Ct. 2345, 2352, 60 L. Ed. 2d 957 (1979)........................................................................20

Griffiths v. CIGNA, Corp., 857 F. Supp. 399, 404 (E.D. Pa. 1994) .............................................26

Harris by Harris v. Easton Pub. Co., 335 Pa. Super. 141, 483 A.2d 1377 (1984).................17, 18

Hart v. O'Malley, 436 Pa. Super. 151, 175, 647 A.2d 542, 554 (1994),
      aff'd on other grounds, 544 Pa. 315, 676 A.2d 222 (1996)......................................................12

Hockenberry v. Diversified Ventures, Inc., Civil A. No. 04-1062, 2005 WL 1458768, at *5
      (M.D. Pa. June 20, 2005)...........................................................................................................21

Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp.2d 491, 496 (M.D. Pa. 2005) ..........5

Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) ........................................................................11

Hull v. Curtis Publishing Co., 182 Pa. Super. 86, 99, 125 A.2d 644, 646 (1956).........................19

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ..............................4

Johnston v. Baker, 445 F.2d 424, 426 (3d Cir. 1971) ..................................................................20

Kane v. State Farm & Cas. Co., 841 A.2d 1038, 1042 (Pa. Super. 2003).....................................15

Koslow v. Commonwealth of PA., 302 F.3d 161, 178 (3d Cir. 2002)..............................................5

Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997)..............................................7

Mailey v. SEPTA, 204 F.R.D. 273, 275 (E.D. Pa. 2001)...............................................................27

Martell v. Triology, Ltd., 872 F.2d 322, 324 (9th Cir. 1989).........................................................26

Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) ...................12

McGuire v. Shubert, 722 A.2d 1087 (Pa. Super. 1998), appeal denied, 560 Pa. 707,
      743 A.2d 921 (1999)..................................................................................................................17

McKeeman v. Corestates Bank, 751 A.2d 655, 659 (Pa. Super. 2000).........................................20

McKnight v. Kimberley Clark Co., 149 F.3d 1125, 1130 (10th Cir. 1998)....................................26

McQuaid v. Acts Retirement Communities Southampton Estates, et al., Civil A. No. 04-3620,
      2005 WL 2989642 (E.D. Pa. Aug. 8, 2005) ...............................................................................6

Murphy v. Duquesne Univ. of the Holy Ghost, 565 Pa. 571, 598, 777 A.2d 418, 434 (2001) .....14

Nagy v. Bell Telephone Co., 292 Pa. Super. 24, 436 A.2d 701 (1981) ........................................18

Norwood Lumber Co. v. McKean, 153 F.2d 753, 756 n.3 (3d Cir. 1946) ....................................16

Olin v. George E. Logue, Inc., 119 F. Supp.2d 464, 473 (M.D. Pa. 2000) ..................................28

Percy v. San Francisco Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988) ........................................24

Perepchuk v. Friendly's Ice Cream Corp., Civil A. No. 97-1988, 2000 WL 1372876,
     at *4 (M.D. Pa. March 28, 2000) ........................................................................................5

Pruitt v. First American National Bank, 187 F.3d 637, 1999 WL 552578, at *6
     (6th Cir. July 23, 1999) .......................................................................................................8

Rinehimer v. Luzerne County Community College, 372 Pa. Super. 480, 495, 539 A.2d 1298,
     1305 (1988), appeal denied, 521 Pa. 606, 555 A.2d 116 (1988) ..............................12

Rodgers v. Nationwide Mutual Ins. Group, 344 Pa. Super. 311, 496 A.2d 811, 814-15 (1985) ..16

Rodgers v. Prudential Ins. Co. of America, 803 F. Supp. 1024, 1030 (M.D. Pa. 1992), aff'd
     without opinion, 998 F.2d 1004 (3d Cir. 1993) ..................................................12, 13

Schouten v. CSX Trans., Inc., 58 F. Supp.2d 614, 617 (E.D. Pa. 1999) .......................................10

Seiple  v. Community Hosp. of Lancaster, Civil A. No. 97-8107, 1998 WL 175593, at *3 (E.D.
     Pa. April 14, 1998) .......................................................................................................12, 20

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ......................................................................4

Smith v. Doss, 251 Ala. 250, 252-53, 37 So.2d 118, 120-21 (1948) ............................................19

Snyder v. Specialty Glass Products, Inc., 441 Pa. Super. 613, 619-20, 658 A.2d 366,
     371 (1995) ............................................................................................................................13

Toy v. Metro. Life Ins. Co., 863 A.2d 1, 14 (Pa. Super. 2004) ............................................14, 15

Wilson v. Children's Museum of Pittsburgh, Civil A. No. 05-1748, 2006 WL 1310512, at *2
     (W.D. Pa. May 12, 2006) .....................................................................................................6

Zikria v. Association of Thoracic & Cardiovascular Surgeons, P.C., 432 Pa. Super. 248, 254,
     n.1, 637 A.2d 1370 n.1 (1994) ............................................................................................11

**STATUTES**

42 Pa. C.S.A. § 5523(1)..........................................................21

**RULES**

Rule 15(a) of the Federal Rules of Civil Procedure.....................................................3

Rule 15(c)(3) of the Federal Rules of Civil Procedure...........................................26, 28

**TREATISES**

3 James Wm. Moore et al., Moore's Federal Practice § 15.15 (3d ed. 2000) ..................................4

3 James Wm. Moore et al., Moore's Federal Practice § 15.19 (3d ed. 2006) .........................22, 27

## I.   INTRODUCTION

Plaintiff seeks to change the entire course of this action by adding six (6) new parties, including four (4) employees of Borton Lawson (see Am. Compl. at ¶¶ 6-9), and assert nine (9) additional claims based solely upon an e-mail dated October 27, 2003 which was produced by Borton Lawson on March 30, 2006. (See Affidavit of James C. Oschal, Esquire attached hereto as Exhibit "A.")  A portion of that e-mail is quoted in Plaintiff's instant Motion, but the e-mail itself is not attached to the proposed Amended Complaint or otherwise submitted with the Motion.  (A true and correct copy of that e-mail is attached as Exhibit "B" to the Oschal Affidavit, Ex. A.)  Plaintiff's additional claims are not only untimely, but also futile, cause undue delay and are unduly prejudicial to the Borton Lawson defendants.  Therefore, Borton Lawson respectfully requests that Plaintiff's Motion to Amend be denied in toto.

## II.   RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 28, 2003, Plaintiff, Sharon Schmid, was terminated from her employment with Borton Lawson.  (Am Compl. ¶ 59.)  On August 15, 2005, Plaintiff filed a three-count Complaint against Borton Lawson on the grounds that it violated the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA") for failure to accommodate

1

Plaintiff's alleged disability, and intentionally causing Plaintiff to suffer emotional distress when it terminated her employment on October 28, 2003. On October 24, 2005, Borton Lawson filed its Answer to the Complaint. On January 4, 2006, this Court held a Case Management Conference with the parties' counsel. On May 3, 2006, Plaintiff filed a Motion for Enlargement of Time in which she requested an extension of the discovery deadline, which the Court granted on May 11, 2006. Discovery is scheduled to be completed by August 4, 2006.

The parties have engaged in discovery through interrogatories, document requests, and depositions. Plaintiff was deposed on March 3, 2006, and, on May 24, 2006, Plaintiff deposed Borton Lawson's Human Resource Manager, Mary Ellen Petcavage, and a former Borton Lawson employee, Melissa Fisher.

On March 30, 2006, Borton Lawson had served Plaintiff with a number of documents, including an e-mail dated October 27, 2003 from Beth Ann Delaney of Corporate Counseling and Training Services, Inc. ("CCTS") to Ms. Petcavage. (See Ex. A.) That e-mail, in its entirety, stated as follows:

> Mary Ellen:
>
> Just received a call from Sharon. She if [sic] very upset & seems to be building a hostile environment case. If some of what Sharon reports is true regarding Melissa's eval & subsequent discussions including her e-mail, I am concerned she may have a case.

> I strongly suggest that we schedule a meeting with you,
> me, Melissa & Sharon. First, I recommend a meeting
> with you & Melissa. Sharon agrees to meet.
>
> Please discuss with Chris/Tom to get the ok & let me
> know. Thanks. . . . .Beth Ann

(See Ex. B. to the Oschal Affidavit, Ex. A.)

As noted above, the sole basis for the instant Motion filed on July 17, 2006 is this e-mail, which has been in Plaintiff's possession since March 30, 2006. As demonstrated below, the Plaintiff's Motion to Amend would be futile since the proposed Amended Complaint fails to state a claim, would cause undue delay and be unduly prejudicial to the Borton Lawson defendants, and the proposed additional claims are time-barred and do not relate back to the original Complaint. Thus, Plaintiff's Motion to Amend should be denied.

## III.   ARGUMENT

### A.   Plaintiff's Motion To Amend Should Be Denied Because The Proposed Amended Complaint Causes Undue Delay, Is Unduly Prejudicial, And Asserts Claims That Fail As A Matter Of Law.

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed, a party may amend a pleading "only by leave of court." While it is true that Rule 15(a) also requires that "leave shall be freely given when justice so requires," and that this provision of the Rule has been construed liberally so as to allow amendments to pleadings, this general rule of liberality with respect to amendments to pleadings, however, is not without exceptions. See Forman v.

<u>Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L. Ed. 2d 222 (1962). In <u>Forman</u>,

the Supreme Court remarked:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires;" this mandate is to be heeded . . . . In the absence of any apparent or declared reason, such as ***undue delay***, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, ***undue prejudice to the opposing party by virtue of allowance of that amendment, futility of the amendment, etc.*** --- the leave sought should, as the rule require, be "freely given."

<u>Id.</u> (Emphasis added); <u>See also</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000)

(dismissal without leave to amend is justified upon grounds of bad faith, undue

delay, prejudice, or futility).

1.   <u>Plaintiff's Amendment Would Be Futile Because the Amended Complaint Fails To State A Claim Upon Which Relief Could Be Granted.</u>

The Third Circuit has defined "futility" to mean that the complaint, as

amended, would fail to state a claim upon which relief could be granted. <u>See</u> <u>In re</u>

<u>Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997). In

assessing "futility," the District Court applies the same standard of legal

sufficiency as it applies under Rule 12(b) (6). <u>Shane</u>, 213 F.3d at 115 (citing 3

James Wm. Moore et al., <u>Moore's Federal Practice</u> § 15.15 (3d ed. 2000)). In the

instant case, each of the additional claims that Plaintiff seeks to assert against

4

Borton Lawson and the proposed additional Borton Lawson defendants are legally insufficient. Borton Lawson will discuss each additional claim *seriatim*.

      a.     Plaintiff's Proposed Retaliation Claim Under The ADA Against Borton Lawson, Chris Borton, Tom Lawson, Mary Ellen Petcavage, And Melissa Fisher Fails As A Matter of Law.

In Count II of her proposed Amended Complaint, Plaintiff seeks to add a retaliation count under the ADA against Borton Lawson and its employees, Chris Borton, Tom Lawson, Ms. Petcavage and Ms. Fisher. (See Am Compl. ¶¶ 6-9 & ¶¶ 72-75.) Plaintiff's retaliation claim under the ADA fails as a matter of law for three reasons.

First, Plaintiff's ADA retaliation claim fails against the individual defendants, Mr. Borton, Mr. Lawson, Ms. Petcavage, and Ms. Fisher, because employees are not personally liable under the ADA. Cf. Koslow v. Commonwealth of PA., 302 F.3d 161, 178 (3d Cir. 2002) (stating there appears to be no individual liability under Title I of the ADA). The courts in this Circuit unanimously hold that employees are not personally liable under the ADA. See e.g., Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp.2d 491, 496 (M.D. Pa. 2005) (Vanaskie, C.J.) ("[C]ourts in other circuits, as well as district courts in this circuit, have held that individual employees are not liable under either the ADA . . . ."); Perepchuk v. Friendly's Ice Cream Corp., Civil A. No. 97-1988, 2000 WL 1372876, at *4 (M.D. Pa. March 28, 2000) (Vanaskie, C.J.) (same)

(A copy of the <u>Perepchuk</u> decision is attached hereto as Exhibit "B."); <u>Wilson v.</u>
<u>Children's Museum of Pittsburgh</u>, Civil A. No. 05-1748, 2006 WL 1310512, at *2
(W.D. Pa. May 12, 2006) (same) (A copy of the <u>Wilson</u> is attached hereto as
Exhibit "C."); <u>McQuaid v. Acts Retirement Communities Southampton Estates, et</u>
<u>al.</u>, Civil A. No. 04-3620, 2005 WL 2989642 (E.D. Pa. Aug. 8, 2005) (same) (A
copy of the <u>McQuaid</u> decision is attached hereto as Exhibit "D."); <u>Douris v.</u>
<u>Schweiker</u>, 229 F. Supp.2d 391, 396-97 (E.D. Pa. 2002) (same); <u>Fullman v. Phila.</u>
<u>Int'l Airport</u>, 49 F. Supp.2d 434, 441 (E.D. Pa. 1999) (same).   Accordingly,
because it is clear that there is no personal liability against individual employees
under the ADA, Plaintiff's ADA retaliation claims against Mr. Borton, Mr.
Lawson, Ms. Petcavage, and Ms. Fisher fail as a matter of law.

Second, Plaintiff's retaliation claim against Borton Lawson (and the
individual defendants) fails as a matter of law because Plaintiff was not engaged in
a protected activity when she allegedly told Ms. Delaney of CCTS something
about a hostile environment at Borton Lawson.  To make a prima facie case of
retaliation under the ADA, Plaintiff must prove (1) that she was engaged in an
activity protected by the ADA; (2) that this exercise of her protected civil rights
was known to Borton Lawson; (3) that Borton Lawson thereafter took an
employment action adverse to Plaintiff; and (4) that there was as a casual

connection between the protected employee and the adverse employment action. See Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).

In support of her retaliation claim, Plaintiff ostensibly argues that her alleged confidential communications with Ms. Delaney of CCTS regarding a hostile environment satisfies the protected activity prong. (See Am. Compl. ¶¶ 43, 55 & 74.) However, as shown below, Plaintiff's alleged confidential communication to Ms. Delaney of CCTS about an alleged "hostile environment" does not constitute "an opposition to practices unlawful to the ADA" or her "intent to bring suit for violations of the ADA" as she alleges, and therefore, she was not engaged in a protected activity.

It is important to note that Plaintiff's alleged discussion with Ms. Delaney of CCTS about an alleged hostile environment has nothing to do with her claim under the ADA. A claim for working in a hostile environment is a separate and distinct claim from the ADA. Moreover, there are no facts alleged in the Amended Complaint, or in the October 27, 2003 e-mail, which is the sole basis for the proposed Amended Complaint, that Plaintiff ever intended to bring suit for a claim under the ADA before she was fired, or that Borton Lawson had any notice of such intention. (See Ex. B to Oschal Affidavit, Ex. A & Am. Compl. ¶ 56.) The only possible claim that the e-mail references is for a hostile environment and that claim

7

is not present here, nor was it present in Plaintiff's EEOC/PHRC complaint. (See Am. Compl. & Ex. A to Oschal Affidavit, Ex. A.)

Even assuming, *arguendo*, that the alleged statements to a third-party contractor, Ms. Delaney of CCTS, indicated an intention to sue under the ADA (which it did not), confidential communications to an individual not employed by or affiliated with Borton Lawson do not constitute "protected activity," especially when the third-party contractor allegedly acts on her own initiative to tell the employer and not at the plaintiff's direction. See Ackel v. National Communications, Inc., 339 F.3d 376, 385 (5th Cir. 2003) (finding that co-worker's statement to supervisor that the plaintiff would file a complaint if the harassment did not stop was not a protected activity because the co-worker, like Ms. Delaney of CCTS, acted on her own initiative rather than at the plaintiff's direction); Pruitt v. First American National Bank, 187 F.3d 637, 1999 WL 552578, at *6 (6th Cir. July 23, 1999) (table) (unpublished) (finding that the plaintiff's confidential age discrimination complaints to a third-party contractor pursuant to an internal grievance procedure, who subsequently relayed the complaints to the employer, was not an action protected under laws barring age discrimination and retaliation) (A true and correct copy of the Pruitt decision is attached hereto as Exhibit "E.") Accordingly, for these reasons, Plaintiff's alleged statements to Ms. Delaney of

CCTS about a hostile work environment do <u>not</u> constitute protected activity for the purposes of retaliation under the ADA.

And finally, Plaintiff's retaliation claim is barred by the undeniable fact that she failed to raise it at the EEOC and PHRC. Therefore, she has failed to exhaust her administrative remedies with respect to her claim for retaliation in violation of the ADA, thus depriving this Court of subject matter jurisdiction over this claim. See <u>Fieni v. Pocopson Home</u>, Civil A. No. 96-5343, 1997 WL 220280, at *5-*6 (E.D. Pa. April 29, 1997) (dismissing retaliation claim under ADA for failure to exhaust administrative remedies) (A copy of the <u>Fieni</u> decision is attached hereto as Exhibit "F.")

The Third Circuit has developed a test to determine whether a plaintiff's employment discrimination claims have been properly exhausted at the administrative level. The court must determine whether "the claims at issue fall fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." See <u>Antol v. Perry</u>, 82 F.2d 1291, 1295 (3d Cir. 1996). The test is also applies to PHRA claims. See <u>Ackah v. Hershey Foods Corp.</u>, 236 F. Supp.2d 440, 444 (M.D. Pa. 2002); <u>Douris</u>, 229 F. Supp.2d at 402 (analysis under Title VII and PHRA is the same). As noted above, the PHRC and EEOC would not and could not have been expected to initiate a retaliation investigation under the ADA based on Plaintiff's charge. <u>Douris</u>, 229 F. Supp. at 402. Accordingly, Plaintiff's

ADA retaliation claim against Borton Lawson (and the individual Borton Lawson defendants) fails as a matter of law for failure to exhaust administrative remedies. Id. (dismissing retaliation claim in ADA failure to accommodate case because of failure to exhaust administrative remedies); Fakete v. Aetna Incorp., 152 F. Supp.2d 722, 731 (E.D. Pa. 2001) (same); Schouten v. CSX Trans., Inc., 58 F. Supp.2d 614, 617 (E.D. Pa. 1999) (court rejected retaliation claims because the plaintiff's EEOC charge contained "no allegations which could remotely be construed as claims of retaliatory conduct"); Fieni, 1997 WL 220280, at *5-*6 (same).

In sum, because the claims in Plaintiff's Amended Complaint alleging violations against Borton Lawson and the individual Borton Lawson defendants based on retaliation fail to state a claim upon which relief may be granted, Plaintiff's Motion to Amend and add a retaliation claim should be dismissed.

      b.    Plaintiff's Claim for Intentional Infliction of Emotion Distress Against Borton Lawson, Chris Borton, Tom Lawson, Mary Ellen Petcavage, and Melissa Fisher Fails As A Matter Of Law.

In Count IV of her proposed Amended Complaint, Plaintiff makes a claim for intentional infliction of emotional distress against Borton Lawson and the

individual Borton Lawson defendants.[1]  Her claim is deficient in several important respects.[2]

First, the conduct alleged in the proposed Amended Complaint does not rise to the level of outrageousness required for a finding of intentional infliction of emotional distress.  To state a claim, a plaintiff must allege conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be intolerable in a civilized community."  Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998).  It is "extremely rare" to find such conduct in the employment context.  See Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988).  Here, Plaintiff alleges nothing more than that she was disabled, Borton Lawson failed to accommodate her alleged disability, and that Borton Lawson and the individual defendants compromised her ability to trust other mental heath practitioners. (See Am. Compl. ¶¶ 79-80.)  As a matter of law, Plaintiff cannot recover under a theory of emotional distress in these circumstances.  See Cox, 861 F.2d at 395 ("In the context of a dismissal, it has been noted that "while loss of employment causes hardship, often severe, it is a common event' and cannot provide a basis for recovery for intentional infliction of

---

[1] Plaintiff asserted an intentional infliction of emotional distress claim solely against Borton Lawson in her original Complaint.  However, Plaintiff now seeks to assert this claim against the individual Borton Lawson defendants as well, and alleges additional facts in support of the claim. (Compare Orig. Compl. ¶¶ 49-50 & Am. Compl. ¶¶ 78-80.)

[2] It must be noted that it is not clear that a cause of action for intentional infliction of emotional distress is even cognizable in Pennsylvania.  See Zikria v. Association of Thoracic & Cardiovascular Surgeons, P.C., 432 Pa. Super. 248, 254, n.1, 637 A.2d 1370 n.1 (1994).

emotional distress"); Brieck v. Harbison-Walker Refractories, 624 F. Supp. 363, 367 (W.D. Pa. 1985), aff'd in relevant part, 822 F.2d 52 (3d Cir. 1987); Rinehimer v. Luzerne County Community College, 372 Pa. Super. 480, 495, 539 A.2d 1298, 1305 (1988), appeal denied, 521 Pa. 606, 555 A.2d 116 (1988).

Second, Plaintiff's claim fails because she has not alleged physical injury, a necessary element in a claim for intentional infliction of emotional distress. See Hart v. O'Malley, 436 Pa. Super. 151, 175, 647 A.2d 542, 554 (1994), aff'd on other grounds, 544 Pa. 315, 676 A.2d 222 (1996). Plaintiff avers only that she has "emotional distress." (Am. Compl. ¶ 79.) Absent an allegation of bodily harm, she cannot recover for intentional infliction of emotional distress. Id.; Fewell v. Besner, 444 Pa. Super. 559, 569, 664 A.2d 577, 582 (1995).

Third, Plaintiff is barred by the exclusivity provision in the Pennsylvania Workers' Compensation Act because the Act provides the exclusive remedy for injuries allegedly arising out of an employment relationship. Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) ("The exclusivity provision of [Pennsylvania's Workers' Compensation Act] bars claims for 'intentional . . . infliction of emotional distress [arising] out of [an] employment relationship.'"); Seiple v. Community Hosp. of Lancaster, Civil A. No. 97-8107, 1998 WL 175593, at *3 (E.D. Pa. April 14, 1998) (same) (A copy of the Seiple decision is attached hereto as Exhibit "G"); Rodgers v. Prudential Ins. Co. of

America, 803 F. Supp. 1024, 1030 (M.D. Pa. 1992), aff'd without opinion, 998 F.2d 1004 (3d Cir. 1993) (same); Snyder v. Specialty Glass Products, Inc., 441 Pa. Super. 613, 619-20, 658 A.2d 366, 371 (1995) (same).

And finally, Plaintiff's claim for intentional infliction of emotional distress is preempted by the PHRA.  The law is clear that common law claims of intentional infliction of emotional distress that are based upon the same allegations of discrimination, and are not examples of egregious and outrageous conduct, are preempted by the PHRA.  See Belverena v. Central Parking System, Inc., Civil A. No. 05-4364, 2005 WL 2850343, at *2 (E.D. Pa. Oct. 31, 2005) (citing Bold v. Sports Center Assoc., Civil A. No. 2980, 1999 WL 79748, at *2 (E.D. Jan. 20, 1999) (denying plaintiff's motion for reconsideration of dismissal of intentional infliction of emotional distress claim because allegations of sexual harassment and retaliation were insufficiently outrageous to overcome PHRA preemption) (A copy of the Belverena decision is attached hereto as Exhibit "H.")

For each of the above reasons, Plaintiff fails, as a matter of law, to state a claim for intentional infliction of emotional distress against Borton Lawson and the individual Borton Lawson defendants.  Therefore, Plaintiff's Motion to Amend and add an intentional infliction of emotional distress claim against Borton Lawson and the individual Borton Lawson defendants should be dismissed.

    c.    <u>Plaintiff's Claims for Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing Against Borton Lawson Fails As A Matter of Law.</u>

In Counts V and VI of her proposed Amended Complaint, Plaintiff contends that Borton Lawson breached a contract with CCTS and its duty of good faith when Ms. Delaney of CCTS sent to Ms. Petcavage at Borton Lawson the October 27, 2003 e-mail referencing a "hostile environment." Plaintiff contends that she is a third-party beneficiary of the contract and is entitled to recovery under the aforementioned theories.

Before addressing the breach of contract count, it is clear that Plaintiff cannot recover against Borton Lawson on the theory of breach of implied covenant of good faith and fair dealing. Pennsylvania courts are clear that no such claim exists under Pennsylvania law. Simply put, the implied covenant of good faith and fair dealing does not allow for a claim separate and distinct from a breach of contract claim; instead, a claim arising from a breach of the covenant of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself. See <u>Murphy v. Duquesne Univ. of the Holy Ghost</u>, 565 Pa. 571, 598, 777 A.2d 418, 434 (2001) ("This obligation of good faith is tied specifically to and is not separate from the duties a contract imposes on the parties."); <u>Toy v. Metro. Life Ins. Co.</u>, 863 A.2d 1, 14 (Pa. Super. 2004) (Pennsylvania "has not recognized a private cause of action,

14

in tort, for alleged breaches of the duty of good faith and fair dealing.")
Accordingly, Plaintiff's breach of the implied covenant of good faith and fair
dealing fails to state a claim for relief.

The breach of contract claim asserted against Borton Lawson also fails as a
matter of law.  To support a claim for breach of contract, a plaintiff must plead: 1)
the existence of a contract, including its essential terms; 2) a breach of duty
imposed by the contract; and 3) resultant damage.  See Kane v. State Farm & Cas.
Co., 841 A.2d 1038, 1042 (Pa. Super. 2003).  Plaintiff claims that Borton Lawson
breached its alleged duty when Ms. Delaney of CCTS, of her own volition, e-
mailed Ms. Petcavage of Borton Lawson expressing her opinion that Plaintiff
"seems to be building a hostile environment case" (see Am. Compl. ¶ 56);
however, no such duty ever existed.  The alleged conduct which is the subject of
the alleged breach was not by any employee of Borton Lawson, but rather by Ms.
Delaney of CCTS.  The agreement, which is the basis of this claim, required
CCTS, and not Borton Lawson, to maintain confidentiality of the employee's
sessions with representatives of CCTS.  (See Ex. "A" attached to Plaintiff's
proposed Am. Compl.)  There is no such duty of behalf of Borton Lawson to
maintain confidentiality under the contract, and, even assuming, *arguendo*, that
there was such a duty, Borton Lawson did nothing to breach that duty or violate
Plaintiff's confidentiality; it merely received an e-mail from Ms. Delaney.

15

In sum, there is no language in the unambiguous terms of the agreement between Borton Lawson and CCTS which suggests that Borton Lawson had a duty to Plaintiff and there are no facts plead in the proposed Amended Complaint which suggests that Borton Lawson had breached any such duty. Accordingly, because there was no duty and no breach of duty, the breach of contract claim fails as a matter of law.[3]

      d.      Plaintiff's Claim for Invasion of Privacy Against Ms. Petcavage Fails As A Matter Of Law.

In Count VII of her Amended Complaint, Plaintiff claims that Ms. Petcavage invaded her privacy when she allegedly told Mr. Borton, Mr. Lawson and Melissa Fisher about the contents of the October 27, 2003 e-mail. This claim fails as a matter of law.

To state a cause of action for invasion of privacy, a plaintiff must aver that there was an intentional intrusion on the seclusion of his or her private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts which could establish that the information disclosed would have caused mental suffering, shame, or humiliation to a person of ordinary sensibilities.

---

[3] Moreover, even if Borton Lawson was somehow viewed to have breached its contract with CCTS, Plaintiff still cannot recover against Borton Lawson because she did not suffer any actual harm or sustain any damages under the alleged contract as a result of any such breach. See Rodgers v. Nationwide Mutual Ins. Group, 344 Pa. Super. 311, 496 A.2d 811, 814-15 (1985) (no recovery for mental suffering from breach of contract); See also Norwood Lumber Co. v. McKean, 153 F.2d 753, 756 n.3 (3d Cir. 1946) (where a right of action for breach exists, but no harm was caused by the breach, or the amount of harm is not substantial, only nominal damages are recoverable).

See McGuire v. Shubert, 722 A.2d 1087 (Pa. Super. 1998), appeal denied, 560 Pa. 707, 743 A.2d 921 (1999). To state a valid claim, the facts stated in the complaint should constitute the requisite level of publicity. In other words, the matter must be communicated to the public-at-large, not merely to a few person. See Chicarella v. Passant, 343 Pa. Super. 330, 339, 494 A.2d 1109, 1114 (1985); Harris by Harris v. Easton Pub. Co., 335 Pa. Super. 141, 483 A.2d 1377 (1984).

In the instant case, there are absolutely no facts alleged in the proposed Amended Complaint to support a valid claim for invasion of privacy against Ms. Petcavage of Borton Lawson. Plaintiff's claim is deficient for the following reasons. First, Ms. Petcavage did not invade Plaintiff's privacy. As Plaintiff's Amended Complaint makes clear, it was Ms. Delaney of CCTS, not Ms. Petcavage, who disclosed her opinion that she thought Plaintiff might be trying to build a hostile environment case. Ms. Petcavage was simply the recipient of that e-mail. There are no facts alleged in the proposed Amended Complaint which establish that Ms. Petcavage did anything that can be considered an intrusion into Plaintiff's privacy.

Second, even assuming, arguendo, that Ms. Petcavage did convey the contents of Ms. Delaney's e-mail to Mr. Borton, Mr. Lawson, and Ms. Fisher as alleged in Amended Complaint, each is an employee of the Company (see Am. Compl. ¶¶ 6-9), and such disclosure to Mr. Borton, Mr. Lawson, and Ms. Fisher

17

(see Am. Compl. ¶ 99) does not constitute the requisite publicity required for invasion of privacy. See Chicarella, 343 Pa. Super. at 339, 494 A.2d at 1114 (disclosure of information must be to public at large, not merely to a few persons).

Finally, Plaintiff's invasion of privacy claim fails as a matter of law because the alleged intrusion by Ms. Petcavage (if there was such an intrusion) cannot be considered to be substantial and highly offensive to a reasonable person. Harris, 483 A.2d at 1383-84. In the instant case, it is clear that Plaintiff has failed to plead sufficient facts to establish a substantial intrusion of a highly offensive nature. See Nagy v. Bell Telephone Co., 292 Pa. Super. 24, 436 A.2d 701 (1981) (act of obtaining from telephone company a list of telephone numbers dialed long distance from subscriber's phone was not a highly offensive act to which liability would attach). Ms. Delaney's opinion that Plaintiff may be trying to build a hostile environment case, even if true, cannot be deemed a substantial intrusion. The proposed Amended Complaint alleges that, Ms. Delaney of CCTS disclosed her opinion regarding Plaintiff to Ms. Petcavage, who is the Human Resource Manager at Borton Lawson. (See Am. Compl. ¶¶ 8 & 96.) Ms. Petcavage allegedly relayed Ms. Delaney's opinion to Mr. Borton and Mr. Lawson, who are employees and principals of Borton Lawson, and to Ms. Fisher, who was Plaintiff's immediate supervisor. (See Am. Compl. ¶¶ 6-7, 9 & 99.) Ms. Petcavage's alleged restatement of Ms. Delaney's opinion that Plaintiff might be trying to build a

18

hostile environment claim to employees and management of the company is what one would reasonably expect a Human Resource Manager to do under the circumstances, especially when the e-mail says that Plaintiff "agrees to meet" to presumably to discuss the issues. (See Ex. B to Oschal Affidavit, Ex. A.) Furthermore, even if Ms. Petcavage restated Ms. Delaney's opinions to management, it is not the sort of action that would "cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Hull v. Curtis Publishing Co., 182 Pa. Super. 86, 99, 125 A.2d 644, 646 (1956) (quoting Smith v. Doss, 251 Ala. 250, 252-53, 37 So.2d 118, 120-21 (1948)). Clearly, the alleged conduct of Ms. Petcavage falls short of this standard.

Based upon the foregoing, Plaintiff's invasion of privacy fails as a matter of law.

> e.   Plaintiff's Claim for Civil Conspiracy Against Borton Lawson, Mr. Borton, Mr. Lawson, Ms. Petcavage, and Ms. Fisher Fails As A Matter Of Law.

In Count XII of her proposed Amended Complaint, Plaintiff claims that Borton Lawson, Mr. Borton, Ms. Petcavage, and Ms. Fisher conspired to violate her constitutional, contractual, statutory, and common law rights. This claim fails as a matter of law for several reasons.

Under Pennsylvania law, a complaint for civil conspiracy must allege: (1) a combination of two or more persons acting with a common purpose to do an

19

unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, and (3) actual legal damage. <u>McKeeman v. Corestates Bank</u>, 751 A.2d 655, 659 (Pa. Super. 2000). "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." <u>Id.</u> Because it is clear that the rest of the claims fails as a matter of law, the conspiracy claim must also be dismissed as a matter of law.

It is important to note that, to the extent that Plaintiff's Amended Complaint asserts claims for civil conspiracy to violate the ADA and civil conspiracy to violate the PHRA, those claims must be dismissed because they are preempted as a matter of law. <u>Cf.</u> <u>Great American Federal Savings & Loan Assoc. v. Novotny</u>, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L. Ed. 2d 957 (1979) (no cause of action for conspiracy to violate Title VII existed); <u>See Seiple</u>, 1998 WL 175593 at *4 (dismissing civil conspiracy to violate ADA claim as a matter of law); <u>Clay v. Advanced Computer Applications, Inc.</u>, 522 Pa. 86, 559 A.2d 917, 918 (1989) (PHRA preempts civil conspiracy to violate PHRA claim).

Moreover, Plaintiff's civil conspiracy claims are barred in this matter because a corporation cannot conspire with itself, or with its officers and employees when they act solely for the corporation and not on their own behalf. <u>See</u> <u>Johnston v. Baker</u>, 445 F.2d 424, 426 (3d Cir. 1971). Because Plaintiff alleges that Borton Lawson conspired with its employees to violate her rights, her claim

for civil conspiracy cannot stand as a matter of law.  Accordingly, for the above

reasons, Plaintiff's civil conspiracy claim fails as a matter of law.

> **B.**  **Plaintiff's Motion To Amend Should Be Denied Because her Proposed Amended Complaint Alleges Claims That Are Time-Barred.[4]**

Plaintiff seeks to amend her Complaint by adding six (6) additional parties

(four (4) of which are employees of Borton Lawson) and nine (9) additional counts

against current defendant, Borton Lawson and the additional Borton Lawson

defendants, inter alia, which are either time-barred or fail to state a claim upon

which relief may be granted.  In support of this proposed amendment, Plaintiff

simply states that the additional claims arise out "the conduct, transaction, or

occurrence set forth or attempted to be set forth in the original pleading" and that

the additional Borton Lawson defendants should have known they would have

been sued if Plaintiff knew about the October 27, 2003 e-mail.  (Pl.'s Br. at 4-5.)

---

[4] The operative date for determining the start of the applicable statute of limitations is the date of Plaintiff's termination, which was October 28, 2003.  As noted above, Plaintiff's retaliation claim is barred because Plaintiff failed to exhaust his administrative remedies.  Plaintiff's claim for intentional infliction of emotional distress is barred because there is a two-year statute of limitations on such claims.  See Aquilino v. Philadelphia Catholic Archdiocese, 884 A.2d 1269, 1275 (Pa. Super. 2005).  Plaintiff's claim for invasion of privacy is barred because there is a one-year statute of limitations on such claims.  See 42 Pa. C.S.A. § 5523(1).  Plaintiff's claim for civil conspiracy is barred because there is two-year statute of limitations on such claims.  See Hockenberry v. Diversified Ventures, Inc., Civil A. No. 04-1062, 2005 WL 1458768, at *5 (M.D. Pa. June 20, 2005) (A copy of the Hockenberry decision is attached hereto as Exhibit "I.") The only claim asserted by Plaintiff that is still within the applicable statute of limitation period is the breach of contract claim, which is four (4) years.  Accordingly, the only way Plaintiff can still raise the time-barred claims if she can establish that they relate back to the original pleading. For the reasons set forth in this section of the brief, Plaintiff cannot satisfy the requirements for relation back.

However, Plaintiff's amendment does <u>not</u> arise out the same conduct, transaction, or occurrence set forth in the original complaint and is unfair surprise/unduly prejudicial to the additional Borton Lawson defendants because they did not have sufficient notice of the institution of the action and could not have known that they would ever be sued by Plaintiff.

1.    Plaintiff's Additional Claims Do Not Relate Back To The Original Pleading.

In deciding whether an amendment arises from the same conduct, transaction or occurrence of the original complaint, and thus, relates back to the original pleading, courts generally consider the following factors:  (1) whether the defendant had notice of the claim that plaintiff is now asserting; (2) whether the plaintiff will rely on the same kind of evidence offered in support of the original claim; and (3) whether unfair surprise to the defendant would result if the court allowed the amendment to relate back.  <u>See</u> 3 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 15.19 (3d ed. 2006).   In applying these factors to the instant case, it is clear that Plaintiff's proposed amendment adding nine (9) additional claims did not arise from the same conduct, transaction, or occurrence set forth in the original Complaint, and thus, does not relate back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

First, it is unequivocal that the additional Borton Lawson defendants did not have any notice of the claims that Plaintiff is now asserting against them.  The sole

22

basis of Plaintiff's Motion to Amend is an October 27, 2003 e-mail from Ms. Delaney to Ms. Petcavage, in which Ms. Delaney tells Ms. Petcavage her opinion that Plaintiff seems to be building a hostile environment case. The e-mail makes no mention of the ADA or Mr. Borton, Mr. Lawson, Ms. Petcavage, or Ms. Fisher as the targets of this potential claim --- only "hostile environment." The original Complaint, however, is devoid of facts alleging that Plaintiff worked in a hostile environment, or any facts which would indicate that any such potential claims existed against the additional Borton Lawson defendants. Plaintiff's theory of liability, until the instant motion, has been Borton Lawson's alleged failure to provide a reasonable accommodation for Plaintiff's purported disability. At no time prior to the filing of this Motion did Plaintiff ever allege any facts which would indicate that she was considering filing claims for retaliation under the ADA, breach of contract, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, invasion of privacy, and civil conspiracy against the additional Borton Lawson defendants, let alone Borton Lawson itself. The facts alleged in her charge with the PHRA/EEOC and the original Complaint relate only to alleged liability for Borton Lawson's alleged failure to accommodate her purported disability under the ADA. Therefore, because the additional Borton Lawson defendants could not have known that they would be sued by Plaintiff for the claims set forth in the Amended Compliant, the

23

Court should construe this factor against Plaintiff's effort to amend her Complaint. See Baldwin County Welcome Ctr. v. Broan, 466 U.S. 147, 149-50, 104 S.Ct. 1723, 80 L. Ed.2d 196 (1984) (original complaint must give some notice of underlying facts to permit relation back).

The second factor that courts generally consider in determining whether the claims relate back to the original pleading is whether the additional claims will likely be proved by the "same kind of evidence" offered in support of the original pleading. Percy v. San Francisco Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988) (when adding new claim, a court should consider whether amended complaint and original complaint will be based on same evidence). Applying this second factor to the instant case, it is clear that, in order for Plaintiff to sustain her new claims against the additional Borton Lawson defendants, Plaintiff will be required to offer evidence that is different from the evidence she would have offered in support of her original claim. More specifically, in support of her original Complaint, Plaintiff will be required to present evidence that demonstrates she is a qualified person with a disability and that Borton Lawson failed to accommodate her alleged disability.

Conversely, to support her Amended Complaint, Plaintiff will be required to present evidence to show: (1) that she was engaged in protected activity when she allegedly spoke to Ms. Delaney of CCTS, an independent contractor, that Borton

24

Lawson retaliated against her because of her exercise in that alleged protected activity; (2) that the additional Borton Lawson defendants intentionally inflicted emotional distress upon Plaintiff by allegedly being told of Ms. Delaney's opinion in the e-mail; (3) that Borton Lawson somehow committed breach of contract and a breach of good faith and fair dealing by allegedly receiving Ms. Delaney's opinion in the e-mail violating her confidentiality with Ms. Delaney; (4) that there was an invasion of Plaintiff's privacy by Ms. Petcavage receiving Ms. Delaney's October 27, 2003 e-mail; and (5) that there was a civil conspiracy to violate Plaintiff's statutory, contractual, and common law rights. Clearly, the operative facts alleged in the original Complaint do not address or relate to any of these new claims. Plaintiff will be required to engage in additional discovery and develop new and different facts to support her amended claims. Thus, because the evidence needed to support these additional claims will be clearly different from the kind of evidence that has already been and will likely be offered in support of her original claims, Plaintiff's additional claims do not relate back to her original pleading.

The final factor that courts consider is whether an unfair surprise or undue prejudice would result if the court allows the additional claims to relate back. As noted above, Plaintiff's original Complaint was a straightforward three-count action relating to the alleged failure to accommodate by Borton Lawson. Suddenly, and with great surprise and prejudice, Plaintiff seeks to change the entire

course of her action by adding six (6) additional parties and nine (9) additional claims based on new and different operative facts.  See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir 1998) (prejudice found when issues raised by proposed amendment involved new factual and legal issues and would require additional discovery); McKnight v. Kimberley Clark Co., 149 F.3d 1125, 1130 (10th Cir. 1998) (same).  To say that the additional Borton Lawson defendants were unfairly surprised at Plaintiff's subsequent actions would be an understatement. Because "unfair surprise" and "undue prejudice would result if Plaintiff is permitted to relate back her time-barred claims against the additional Borton Lawson defendants, Plaintiff's Motion to Amend should be denied.  See Griffiths v. CIGNA, Corp., 857 F. Supp. 399, 404 (E.D. Pa. 1994) ("Both federal and Pennsylvania courts urge leniency in allowing amendment, except in cases 'where unfair surprise or some comparable prejudice' would result.")

2.   Plaintiff's Motion To Add New Parties Does Not Relate Back To The Original Pleading.

It is beyond peradventure that Rule 15 expressly allows amendments that change or add parties to relate back provided the requirements of Rule 15(c)(3) of the Rules of Civil Procedure are satisfied.  The requirements for adding a new party, as opposed to adding a new claim, however, are much more stringent.  See Martell v. Triology, Ltd., 872 F.2d 322, 324 (9th Cir. 1989) (more stringent requirements must be met in order to add new party; in addition to showing that

claim arose from same transaction, plaintiff must show sufficient notice and no prejudice). For a court to grant an amendment adding new defendants, the following requirements must be satisfied: (1) The claim asserted in the amended pleading must arise from the conduct, transaction, or occurrence advanced in the original pleading; (2) the new party named in the amended pleading must have received adequate notice so as not be prejudiced; (3) the new party must have known or should have known that the action would been brought against the named party but for the mistake; and (4) the notice and "should have known" factors must be satisfied within period prescribed for service of process.[5] See 3 James Wm. Moore et al., Moore's Federal Practice § 15.19 (3d ed. 2006).

For the sake of brevity, because Borton Lawson has already demonstrated above that the new claims do not arise from the same conduct, transaction, or occurrence, that the additional Borton Lawson defendants did not have adequate notice of institution of the action, nor did they know or should have known that they would have sued but for Plaintiff's lack of knowledge that they were proper parties by virtue of the October 27, 2003 e-mail, Borton Lawson will incorporate its arguments as if fully set forth herein.

Notwithstanding Plaintiff's failure to satisfy the first two requirements (same transaction and adequate notice), Plaintiff's proposed amendment to add the

---

[5] For the reasons manifested below, the fourth prong is irrelevant to this analysis.

additional Borton Lawson defendants does not relate back, and therefore, is time-barred, because Plaintiff's lack of knowledge that Christopher Borton, Thomas Lawson, Mary Ellen Petcavage, and Melissa Fisher were proper parties does not constitute a mistake for the purposes of Rule 15(c) (3). See Mailey v. SEPTA, 204 F.R.D. 273, 275 (E.D. Pa. 2001) ("Rule 15(c)(3)(b) does not provide for relation back, however, when a plaintiff fails to sue a party before the expiration of the statute of limitations because the plaintiff was unaware that it was a potential party.") (citing Olin v. George E. Logue, Inc., 119 F. Supp.2d 464, 473 (M.D. Pa. 2000) (no mistake in identity where the plaintiffs' "failure to include [the new party] in their original complaint was due to their lack of knowledge of the proper party")). Therefore, because Plaintiff's lack of knowledge that the additional defendants were proper parties does not constitute a mistake for the purposes of meeting the requirements of Rule 15(c)(3) for relation back, Plaintiff's untimely attempt to add additional defendants should be denied.

In sum, because Plaintiff failed to show that the additional claims and the new parties sought to be added in her proposed Amended Complaint do not satisfy the requirements for "relation back" as set forth in Rule 15(c), Plaintiff's Motion to Amend should be denied in toto.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Defendant Borton Lawson respectfully requests that Plaintiff's Motion to Amend the Complaint and Add Additional Parties be denied <u>in</u> <u>toto</u>.

RESPECTFULLY SUBMITTED:

ROSENN, JENKINS & GREENWALD, LLP

BY:   /s/JAMES C. OSCHAL, ESQUIRE
      JAMES C. OSCHAL, ESQUIRE
      I.D. No. PA 53846
      THOMAS J. CAMPENNI, Esquire
      I.D. No. PA 87809
      15 South Franklin Street
      Wilkes-Barre, PA 18711-0075

      Attorneys for Defendant,
      BORTON LAWSON ENGINEERING, INC.

James C. Oschal, Esquire
Thomas J. Campenni
Rosenn, Jenkins & Greenwald, L.L.P.
15 South Franklin Street
Wilkes-Barre, Pennsylvania 18711-0075
(570) 826-5621

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON SCHMID,                    :
                                  :
            Plaintiff             :
                                  :     NO.: 3:05-CV-1660
vs.                               :
                                  :     (Judge Nealon)
BORTON-LAWSON ENGINEERING,  :
INC.,                             :
                                  :
            Defendant             :

### CERTIFICATE OF SERVICE

JAMES C. OSCHAL, ESQUIRE, hereby certifies and states that on the 1st day

of August, 2006, he caused to be served a true and correct copy of the foregoing

Brief in Opposition to Plaintiff's Motion to Amend and Additional Parties via

electronically and United States mail, first class, postage pre-paid, addressed as

follows:

George R. Barron, Esquire
88 North Franklin Street
Wilkes-Barre, PA  18701


/s/ James C. Oschal, Esquire
JAMES C. OSCHAL, ESQUIRE

523057.1