## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON SCHMID,              :  
       Plaintiff,        :      3:CV-05-1660  
                      :  
   v.                   :  
                      :  
                      :     (JUDGE NEALON)  
BORTON-LAWSON       :  
ENGINEERING, INC.,      :  
       Defendant      :

FILED  
SCRANTON

OCT 2 4 2006

PER _____  
DEPUTY CLERK

## **MEMORANDUM and ORDER**

**BACKGROUND**

On August 15, 2005, Sharon Schmid ("Schmid") filed a three (3) count complaint against Borton-Lawson Engineering, Inc. ("BLE"). (Doc. 1). The complaint alleged that BLE failed to provide Schmid with a reasonable accommodation for her disability as required by the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Additionally, Schmid advanced a claim for tortious infliction of emotional distress which she alleges exacerbated her disability. On October 24, 2005, BLE submitted its answer to the complaint. (Doc. 5). Following a pretrial conference on March 21, 2006 the case was scheduled for trial commencing on June 5, 2006. (Doc. 11). Subsequent to a

1

motion for an extension of time to complete discovery, the trial was continued until further order of the court.  (Doc. 18).  On July 17, 2006, Schmid filed a motion to amend her complaint.  (Doc. 20).   The proposed amendment adds six (6) defendants and ten (10) counts.[1]  BLE filed a brief in opposition on August 1, 2006 (Doc. 26) and Schmid submitted her reply brief on August 15, 2006.  (Doc 27).  The matter is now ripe for disposition.

Schmid bases her request for an amendment on information detailed in an email which was provided by BLE as part of discovery.  The email was sent from Delany, who was a licensed social worker with CCTS, to Petcavage, who was the human resources manager at BLE. (Doc. 21).  Allegedly CCTS contracted with BLE to provide counseling for BLE employees and it was through this connection that Schmid began counseling sessions with Delany.  *See* (Doc. 20, Ex. A).  During these counseling sessions, plaintiff told CCTS and Delany of her frustration with BLE's

---

[1] The proposed additional defendants are Beth Ann Delany ("Delany"), Corporate Counseling and Training ("CCTS"), Mary Ellen Petcavage ("Petcavage"), Christopher Borton ("Borton"), Thomas Larson ("Larson") and Melissa Fisher ("Fisher").  The proposed additional counts are: (1) Count II against BLE, Borton, Lawson, Petcavage and Fisher for retaliation under the ADA; (2) Count IV against all defendants for tortious infliction of emotional distress; (3) Count V against BLE, Delany and CCTS for breach of contract; (4) Count VI against BLE for breach of implied covenant of good faith and fair dealing; (5) Count VII against CCTS, Delany and Petcavage for invasion of privacy; (6) Count VIII against CCTS and Delany for breach of fiduciary duty and/or confidential relationship; (7) Count IX against CCTS ad Delany for negligence; (8) Count X against CCTS and Delany for negligence per se; (9) Count XI against CCTS and Delany for negligent infliction of emotional distress; and (10) count XII against BLE, Borton, Lawson, Petcavage and Fisher for civil conspiracy.

2

alleged refusal to accommodate her disability.  (Doc. 21).  On October 27, 2003,

Delany sent an email, with a subject line of "Meeting", to Petcavage. The email read

as follows[2]:

> Mary Ellen,
> Just received a call from Sharon.  She if [sic] very upset & seems to be
> building a hostile environment case.  If some of what Sharon reports is true
> regarding Melissa's eval & subsequent discussions including her email, I
> am concerned she may have a case.
> I strongly suggest that we schedule a meeting with you, me, Melissa &
> Sharon.  First, I recommend a meeting with you & Melissa.  Sharon agrees
> to meet.
> Please discuss with Chris/Tom to get the ok & let me know.  Thanks .....
> Beth Ann

(Doc. 26, pp. 8-9).

On October 28, 2003, Borton, Lawson, Petcavage and Fisher met, without Schmid, to

discuss Schmid's employment.  Plaintiff's employment was terminated that same

day.

Schmid contends that this email revealed factual scenarios of which she was

unaware when she filed her complaint.  Accordingly, she seeks leave to amend her

complaint to include the defendants and additional counts which she avers are

warranted because of the information contained in the email.  BLE counters that the

motion should be denied since: (1) the proposed amended complaint fails to state a

---

[2]The "Melissa" referenced in this email is proposed defendant Melissa Fisher.  Melissa Fisher
was plaintiff's immediate supervisor at BLE.  (Doc. 1).  "Chris/Tom" refers to Christopher Borton
and Thomas Lawson, respectively.  Both Borton and Lawson are principals of BLE.  (Doc. 20).
"Sharon" is plaintiff Sharon Schmid.

claim; (2) the amendment would cause undue delay and be unduly prejudicial to

BLE; and (3) the proposed additional claims are time barred.

## DISCUSSION

### 1.   STANDARD

Federal Rule of Civil Procedure 15(a) provides:

> a party may amend the party's pleading once as a matter of course at any
> time before a responsive pleading is served or, if the pleading is one to
> which no responsive pleading is permitted and the action had not been
> placed upon the trial calendar, the party may so amend it at any time within
> 20 days after it is served.  Otherwise a party may amend the party's
> pleading only by leave of court or by written consent of the adverse party;
> and leave shall be freely given when justice so requires. A party shall plead
> in response to an amended pleading within the time remaining for response
> to the original pleading or within 10 days after service fo the amended
> pleading, whichever period may be the longer, unless the court otherwise
> orders.
> F.R.C.P. 15(a).

Rule 15(a) creates a presumption in favor of permitting a party to amend his

pleading, but an amendment that would unduly prejudice an opposing party may be

properly denied. Rucker v. Marriott Intern., Inc., 2004 WL 32946, *2  (E.D.Pa. 2004).

"The grant or denial of an opportunity to amend is within the discretion of the District

Court, but outright refusal to grant the leave without any justifying reason appearing

for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules." Heyl & Patterson Intern., Inc. v. F.

D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981), *cert.*

*denied,* 455 U.S. 1018 (1982). Undue delay, bad faith, dilatory motive, prejudice and futility are all grounds that justify a denial of leave to amend.   Re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).

## 2.   *UNDUE DELAY*

BLE argues that plaintiff received the relevant email on March 30, 2006 but waited to file her motion to amend until July 17, 2006. (Doc. 26-1, p.9). However, "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." Cureton v. National Collegiate Athletic Association, 252 F.3d 267, 273 (3d Cir. 2000). BLE has not alleged, nor is there any indication, that the plaintiff acted with bad faith by delaying to file her motion to amend after receipt of the email on March 30, 2006. Therefore, it must be determined whether any prejudice to BLE has resulted from the delay.

Plaintiff maintains that the proposed defendants knew, or should have known, that litigation had commenced related to her employment and the interplay of her disability with that employment. Proposed defendants Borton and Lawson would assuredly have had knowledge of the suit by virtue of their position as principals of BLE.   Likewise, it is arguable that Fisher and Petcavage, who are: (1) employed by BLE; (2) former supervisors of plaintiff; and (3) implicated in the original complaint, would know of the pending litigation. Although CCTS and Delany were not

identified in the original complaint, it is plausible that they had knowledge of its existence because they were involved in discussions with BLE regarding plaintiff's expressions of dissatisfaction with BLE's attention to her disability.

Certainly all the proposed parties had knowledge of the relevant email and could, or should have, foreseen litigation stemming from its disclosure. Most significantly, BLE, the named defendant, certainly knew of the email's existence and could have anticipated litigation stemming from it especially in light of the temporal proximity between its dispatch and the termination of plaintiff's employment. Finally, the proposed claims are all related to the initial claim in that they originated because of BLE's alleged failure to accommodate plaintiff's disability. It was this event which led to counseling by CCTS and spawned the allegations stemming from that counseling relationship.

These factors aside, BLE will likely incur additional discovery and costs in addressing the amended complaint. Nonetheless, this inconvenience and expense do not rise to a level which would merit denial of the motion to amend. Further, additional discovery will be similar in scope to that which has already been completed since the new claims all stem from the same employment relationship and largely include parties contemplated as part of the initial claims.

### 3.   *FUTILITY OF PROPOSED CLAIMS*

The proposed claims are futile if they would fail to state a claim upon which relief could be granted. This determination is made by applying the same standard of legal sufficiency set forth under Federal Rule of Civil Procedure 12(b)(6).[3] Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).   Therefore, the court must accept as true all well-pleaded allegations in the amended  complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985).   A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir.1988).

> (a) *Proposed Count II: Retaliation under the ADA against  BLE, Borton,*
> *Lawson, Petcavage, and Fisher*

Although the Third Circuit Court of Appeals has not addressed the issue of individual liability under the ADA it "has held that Congress did not intend to hold individual employees personally liable under Title VII." Schumacher v. Souderton Area School Dist., 2000 WL 72047, *3  (E.D.Pa. 2000) *citing* Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir.1996), *cert. denied*, 521 U.S.

---

[3] In pertinent part, Federal Rule of Procedure 12(b)(6) provides:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  (6) failure to state a claim upon which relief can be granted.

1129 (1997). The ADA, the ADEA, and Title VII "all serve the same purpose - to prohibit discrimination in employment against members of certain classes. Therefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well." Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 157 (3d Cir.1995).

Plaintiff attempts to distinguish the apparent prohibition on individual liability under the ADA by explaining that BLE has failed to cite cases dealing directly with Section 503(a) of the ADA under which she is asserting her claim. While the language of Section 503(a) indicates that "no person shall discriminate" as opposed to prohibiting discrimination by solely an employer, the case law does not recognize or apply a section by section determination regarding individual liability. Rather, the "courts in other circuits, as well as district courts in this circuit, have held that individual employees are not liable under either the ADA or the ADEA." Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 496 (M.D.Pa. 2005). Schmid directs the court's attention to Douris v. Schweiker, 229 F. Supp. 2d 391 (E.D.Pa. 2002), aff'd Douris v. Rendell, 100 Fed. Appx. 126 (3d Cir. 2004) (table), in support of her argument. However, the Douris case provides little support for Schmid's position since it deals directly with section 503(a) and still holds that a claim for individual liability is not cognizable under the ADA. Consistent with this

8

precedent, the proposed individual defendants cannot be liable under the ADA and therefore a claim against them would be futile. Accordingly, Schmid will not be permitted to amend her complaint to include an ADA retaliation claims against the proposed individual defendants.

BLE argues that Schmid's motion to amend to include an ADA retaliation count against BLE should likewise be denied. It argues that Schmid cannot establish a prima facie case of retaliation under the ADA since: (1) her communications with Delany were not a protected activity; and (2) her communications did not contemplate a suit under the ADA but rather only a hostile environment claim. While it is true that the email referenced a hostile environment, plaintiff accurately differentiates by explaining that Schmid may not have known the legal implications of using the term "hostile environment." Schmid relies on the EEOC Compliance Guidelines, which provide that "broad or ambiguous complaints of unfair treatment ... are protected opposition if the complaint would reasonably have ben interpreted as opposition to employment discrimination." (Doc. 27-13, p.12). Accordingly, the court finds that Schmid's complaint evidences "an opposition to practices unlawful to the ADA."

A prima facie case of retaliation under the ADA requires proof that (1) plaintiff was engaged in an activity protected by the ADA; (2) this activity was

9

known to BLE; (3) plaintiff suffered an adverse employment action; and (4) a causal

connection between the activity and the adverse employment action exists.  Krouse v.

American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).  As already discussed, the

substance of Schmid's complaint to Delany brings it within the scope of protected

activity.  What remains to be determined is whether plaintiff's communication of this

information to Delany, as opposed to a BLE employee, constitutes a protected

activity.   BLE points to cases from the Fifth and Sixth Circuit Courts of Appeals in

support of its argument that a confidential communication to an individual not

employed or affiliated with BLE does not constitute "protected activity."  (Doc. 26-1,

p.14).  In Ackel v. National Communications, Inc., 339 F.3d 376, 385 (5th Cir. 2003),

the court explained that a co-worker's statement to the plaintiff's supervisor was not a

protected activity since the co-worker was acting on his own volition in relaying this

information to the supervisor.  Although this opinion warrants consideration, this

situation may be distinguishable from the instant case in that the existing record does

not foreclose the possibility that plaintiff may have anticipated  Delany's disclosure

of this information to BLE.   The email indicates that plaintiff was willing to meet

with the proposed defendants and therefore arguably evidences Schmid's

acquiescence in Delany's disclosure.  BLE also relies on Pruitt v. First American

National Bank, 1999 WL 552578 (6th Cir. 1999), which is similarly distinguishable.

10

In that case the plaintiff complained to a third-party contractor pursuant to a grievance procedure. The third-party contractor then relayed the complaint to plaintiff's employer. However, the plaintiff's name was not provided to the employer, a fact which differs substantially from the facts in this case. In light of this case law, it does not appear that the existence of a prima facie case can properly be foreclosed at this early phase in the litigation. There are factual issues which may require further development and may reveal support for plaintiff's claim. Since, Schmid's ADA retaliation claim against BLE is not conclusively futile, she will be allowed to amend her complaint to include it.

Finally, BLE argues that Schmid's retaliation claim against BLE is barred by her failure to raise it at the EEOC and PHRC level. Schmid concedes that she did not raise these, or any of the above claims, as the PHRC/EEOC level but she points out that she was unaware of the email until March 2006 when it was provided by BLE after the PHRC/EEOC proceeding was closed. (Doc. 27-1, p. 3). Plaintiff maintains that she would have amended her PHRC/EEOC complaint to add the retaliation claim if BLE had properly turned over the email at the time it was requested. Additionally, she argues that the retaliation claim falls within the scope of her PHRC/EEOC complaint and the investigation thereof and has not been foreclosed.

When a retaliation claim is not specifically presented to the EEOC, the test for

whether that claim can be presented in district court is "whether the acts alleged in the subsequent suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Douris v. Brobst, 2000 WL 199358, *3 *quoting* Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984).  "The legal analysis for whether a judicial complaint is within the scope of an earlier administrative charge or a reasonable investigation therefrom turns on whether 'there is a close nexus between the facts supporting each claim or whether additional charges made in the judicial complaint may fairly be considered explanations of the original charge or growing out of it.' " Ivory v. Radio One, Inc., 2002 WL 501489, *2 (E.D.Pa. 2002) *quoting* Fakete v. Aetna, Inc., 152 F.Supp.2d 722, 732 (E.D.Pa.2001).

Depending on the particular facts of a case, a plaintiff may be foreclosed from pursuing a retaliation claim when she has only asserted a failure to accommodate claim at the administrative level.  However, the instant case does not warrant that conclusion.  As already discussed, the new claims are related to the original claims to the extent that they all stem from BLE's alleged failures to properly accommodate Schmid's disability.  Were it not for these failures then Schmid would not have registered concerns with Delany regarding BLE's alleged mistreatment of her based on her disability.  Further, the proposed allegations could not have been made at the PHRC/EEOC level since at the time of those proceedings there is no indication that

plaintiff knew that the October 27, 2003 email existed.  Therefore, these amendments are within the scope of the underlying PHRC/EEOC action and should not be disallowed for failure to exhaust.

Accordingly, plaintiff's motion to amend her complaint to include a claim for retaliatory discharge under the ADA against BLE will be granted.

> *(b) Proposed Count IV: Tortious infliction of emotional distress against all defendants*

The original complaint contains a count for tortious infliction of emotional distress against BLE but the amendment adds factual allegations and includes the proposed additional defendants.

With respect to the proposed amended counts asserting infliction of emotional distress, plaintiff cannot overcome the fact that the exclusivity provision of the Pennsylvania Worker's Compensation Act "bars claims for intentional and/or negligent infliction of emotional distress [arising] out of [an] employment relationship." Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997), *internal citations excluded.*  Plaintiff argues that her emotional distress manifested after her termination from employment.  This temporal distinction is of no consequence since the distress clearly stems from the employment relationship.  As such,  plaintiff is barred from recovery on this count and her claim is therefore futile.

Accordingly, her motion to amend to include a count for tortious infliction of emotional distress will be denied.[4]

### (c) *Proposed Count V: Breach of Contract against BLE, Delany and CCTS*

BLE contends that this count is untenable because the written agreement upon which it is predicated was between CCTS and BLE and did not involve plaintiff. (Doc. 20, Ex. A).   Arguably, plaintiff, an employee of BLE, has a claim as a third party beneficiary against CCTS and its agent, Delany, for breach of a contract made with BLE on her behalf.   Moreover, plaintiff asserts that BLE made oral and written promises to her and other BLE employees that communications with Delany and CCTS would be confidential.   Schmid further avers that BLE enticed Delany to reveal confidential communications thus breaching its promise to BLE employees.   In effect, Schmid alleges, in this single count, breach of the written contract between BLE and CCTS in a manner which negatively impacted her, as well as a breach of BLE's oral contract with her.   Since, plaintiff has provided adequate allegations at this stage for both breach of contract claims, her motion to amend to include said claims against BLE, CCTS and Delany will be granted.

### (d) *Proposed Count VI: Breach of implied covenant of good faith and fair*

---

[4] BLE has not specifically argued that plaintiff's proposed count XI for negligent infliction of emotional distress against CCTS and Delany is futile.  Notwithstanding this omission, the same analysis is applicable to the count and therefore plaintiff's motion to amend to include count XI for negligent inflictions of emotional distress will be denied.

*dealing against BLE*

Pennsylvania does not recognize a private cause of action, in tort, for alleged breaches of the duty of good faith and fair dealing. Toy v. Metropolitan Life Ins. Co., 863 A.2d 1, 14 (Pa.Super. 2004) *citing* Heritage Surveyors & Engineers, Inc. v. National Penn Bank, 801 A.2d 1248, 1253 (Pa.Super.2002).  Therefore, the plaintiff cannot successfully advance an independent tort claim for breach of implied covenant of good faith and fair dealing.  To the extent that amended count VI attempts to set forth a tort claim it will be denied.

However, plaintiff is not entirely foreclosed from pursuing a breach of implied covenant of good faith and fair dealing.  Implicit in the contract relationship is a duty of good faith and fair dealing by both parties in performance of their contractual obligations.  Baker v. Lafayette College, 504 A.2d 247 ( Pa. Super. 1986).  As a result, plaintiff's count V breach of contract claim already encompasses the claims set forth as a part of count VI.  A separate count is not necessary to present a claim for breach of good faith and fair dealing.  Accordingly, plaintiff's motion to amend to include a separate contract claim alleging breach of good faith and fair dealing will be denied.

*(e) Proposed Count VII: Invasion of privacy against Delany, CCTS and Petcavage*

15

BLE does not contest this amendment to the extent that it pertains to CCTS and Delany. Accordingly, plaintiff will be permitted to amend her complaint to include an invasion of privacy claim against CCTS and Delany. BLE maintains that an invasion of privacy claim against Petcavage would be entirely futile since plaintiff has not alleged publication and because the purported behavior would not "cause mental suffering, shame or humiliation to a person of ordinary sensibilities." A review of the proposed amended complaint reveals that Petcavage was employed by BLE as human resources manager and received the above quoted email from Delany. Allegedly she informed her superiors who subsequently decided to terminate plaintiff's employment.

Contrary to BLE's assertions, an invasion of privacy claim does not necessarily require publication. *See* Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1383 (Pa.Super. 1984) (recognizing that action for invasion of privacy premised on tort of intrusion into seclusion does not require publicity). It appears at first blush that Petcavage did not solicit information about plaintiff but rather was an unwitting recipient of that information. Nonetheless, particularly in conjunction with Schmid's proposed conspiracy claims and her assertion that BLE "used" its contract with CCTS to "get information that should have been kept confidential" (Doc. 27-1, p. 14), plaintiff's claim cannot be deemed entirely futile. Furthermore, the issue of whether

16

the alleged behavior would be highly offensive to a person of ordinary sensibilities requires supplemental factual development. Therefore, to the extent plaintiff's invasion of privacy count states a claim of intrusion into seclusion, she will be permitted to amend her complaint accordingly.

   *(f) Proposed Count XII: Civil conspiracy against BLE, Borton, Lawson,*

   *Petcavage and Fisher*

BLE bases its objection to this count on the fact that a claim for civil conspiracy must be predicated on a separate civil cause of action and plaintiff has failed to state a separate civil cause of action. In light of the above analysis, to the extent that plaintiff's amended complaint sufficiently alleges additional claims, a count alleging conspiracy to commit the offenses set forth in those claims is permissible. Accordingly, Schmid's motion to amend her complaint to include a count for civil conspiracy will be granted.

   **4.    TIMELINESS**

BLE argues that Schmid's remaining proposed amendments should be prohibited since they are time barred. "An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." F.R.C.P. 15(c)(2).

17

As discussed above, the claims which plaintiff asserts in her amended complaint all stem from the claims which she originally pled. Broadly all of plaintiff's claims arise from her disability and BLE's treatment of her with respect to this disability. Even her claims for negligence and invasion of privacy would not have arisen had she not initially faced difficulties with BLE's accommodation of her disability. Additionally, she contends that she failed to add the proposed claims because she was unaware of the full scope of the underlying facts. Upon information that circumstances giving rise to further claims were present, plaintiff properly moved to amend her complaint. In light of the presumption in favor of allowing amendment and since the amended claims stem from the same employment relationship and dispute regarding plaintiff's disability, amendment will be permitted.

Likewise, BLE argues that the additional defendants should not be allowed. "An amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake-whether the mistake is based on lack of knowledge or mere misnomer." Arthur v. Maersk, Inc., 434 F.3d 196, 209 (3d Cir. 2006). The analysis for the amendment of parties is more rigorous than the standard for adding claims. See Martell v. Triology, Ltd., 872 F.2d 322, 324 (9th Cir. 1989).

As previously discussed in the analysis of undue delay, the plaintiff maintains that the proposed defendants knew or should have known that, but for a mistake regarding the existence of the October 27, 2003 email, they would have been named in the original complaint. The additional allegations suffice to support a claim that these defendants knew of the existence of the October 27, 2003 email. With the exception of CCTS and Delany, each of the proposed parties was present at the meeting convened by this email. Delany certainly knew that she had sent information regarding Schmid to Petcavage and she may have known that, pursuant to a meeting recommended by her email, Schmid's employment with BLE was terminated. It is plausible that CCTS, Delany's employer, had knowledge of this emails's existence especially after Schmid began litigation related to her employment with BLE. Each of the individual BLE defendants would be aware that plaintiff's employment was terminated the same day that their meeting was held. Further, Fisher and Petcavage were implicated in the original complaint while Borton and Lawson, who are principals of BLE, would have knowledge of the existence of both the email and the litigation stemming from plaintiff's employment.

The proposed parties arguably had knowledge of the ongoing litigation and of the October 27, 2003 email. Armed with this knowledge they should have been able to anticipate further litigation advancing claims based on the email. Accordingly,

plaintiff will be permitted to add the proposed defendants as parties to the instant action.

DATE: _October 24, 2006_           _____

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON SCHMID,                          :
            Plaintiff,                   :          3:CV -05-1660
                                        :
                                        :
                                        :          (JUDGE NEALON)
BORTON-LAWSON                            :
ENGINEERING, INC.,                      :
            Defendant                   :

## ORDER

**AND NOW**, this 24th day of October, 2006, in accordance with the

accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's Motion to Amend (Doc. 20) is GRANTED in part and DENIED

in part.

(2) Plaintiff's Motion to Amend is GRANTED to the extent it requests

inclusion of defendants Borton, Lawson, Petcavage, Fisher, Delany and CCTS.

(3) Plaintiff's Motion to Amend is DENIED as is pertains to:

    (a) proposed count II for retaliation under the ADA against defendants

    Borton, Lawson, Petcavage and Fisher;

    (b) proposed count IV for tortious infliction of emotional distress

    against defendants Borton, Lawson, Petcavage, Fisher, Delany and

    CCTS;

(c) proposed count VI for breach of implied covenant of good faith and

fair dealing against BLE;

(d) proposed count XI for negligent infliction of emotional distress

against CCTS and Delany;

(4) Plaintiff's Motion to Amend is GRANTED as it pertains to:

(a) proposed count II for retaliation under the ADA against BLE;

(b) proposed count V for breach of contract against BLE, Delany and

CCTS;

(c) proposed count VII for invasion of privacy against CCTS, Delany

and Petcavage;

(d) proposed count VIII for breach of fiduciary duty and/or confidential

relationship against CCTS and Delany;

(e) proposed count IX for negligence against CCTS and Delany;

(f) proposed count X for negligence per se against CCTS and Delany;

(g) proposed count XII for civil conspiracy against BLE, Borton,

Lawson, Petcavage and Fisher.

(5) Defendant's Motion for Summary Judgment (Doc. 28) is denied without

prejudice to renew.

s/ _[signature]_

United States District Judge