IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sharon Schmid** | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | (Honorable William J. Nealon) |
| Borton-Lawson Engineering, Inc. | : | |
| Christopher Borton, Thomas | : | |
| Lawson, Mary Ellen Petcavage, | : | |
| Melissa Fisher, Beth Ann Delany | : | |
| and Corporate Counseling and | : | |
| Training Services, Inc. | : | No.: 3: 05-CV-1660 |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION OF DEFENDANT BETH ANN DELANEY TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Sharon Schmid ("Ms. Schmid"), by her attorney George R. Barron, respectfully submits this brief in opposition to Defendant Beth Ann Delaney's Motion to Dismiss Plaintiff's First Amended Complaint.

**FACTS RELEVANT TO THIS MOTION**

For purposes of this Brief, Plaintiff concurs with the procedural history and factual background as set forth in Defendant Beth Ann Delaney's Brief in Support of her Motion to Dismiss (Docket #54).

1

# **ARGUMENT**

## DEFENDANT BETH ANN DELANEY'S MOTION TO DISMISS SHOULD BE DENIED

This Court has jurisdiction over the claims brought against Ms. Delaney pursuant to 28 USC §1367(a).  28 USC §1367 states in relevant part:

> § 1367.  Supplemental jurisdiction
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 USCS § 1332].

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 USC §1367 (Lexis 2006). Defendant's contentions to the contrary, because original jurisdiction over this matter is not based "solely on section 1332" (diversity jurisdiction), the provisions of 28 USC §1367(b) do not apply.

This Court has jurisdiction over the underlying action because those claims involve alleged violations of the Americans with Disabilities Act, and are therefore a "federal question" pursuant to 28 USC §1331. By the plain language of 28 USC §1367, if the claims against Ms. Delaney are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy", this Court has supplemental jurisdiction over those claims.

"The principal purpose of [28 U.S.C. § 1367] is to make it clear that in federal-question cases pendent-party jurisdiction is permissible." Simmons v. Poltrone, 1997 U.S. Dist. LEXIS 20517 at 1, fn 1, quoting Charles Alan Wright,

Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3567.2, 44 (1997 Supp.) As stated by the Third Circuit Court of Appeals:

> A district court has the responsibility to manage complex litigation. That responsibility requires a court to determine whether to exercise supplemental jurisdiction over pendent claims and parties. In enacting section 1367, Congress intended to enhance a district court's ability to gain jurisdiction over pendent claims and parties while providing those courts with the discretion to decline to exercise supplemental jurisdiction in several express circumstances.

De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003).

The event at the core of Plaintiff's claims against Ms. Delaney, the e-mail advising Plaintiff's employer that Plaintiff was considering legal action against it, is central to several of Plaintiff's claims against the other defendants including claims under the Americans with Disabilities Act.

The "express circumstances" referred to by the De Asencio court, in which a federal court may decline to exercise supplemental jurisdiction, are enumerated in 28 USC §1367(c), *supra*. However, in this case those circumstances are not present. Declining to exert supplemental jurisdiction over the claims against Ms. Delaney would subject all parties to unnecessary complexity and expense.

## CONCLUSION

Based upon the foregoing, Plaintiff Sharon Schmid respectfully requests that this Court deny Defendant Beth Ann Delaney's Motion to Dismiss.

/s/ George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088
