IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON SCHMID, : | |
| : | No. 3:05-CV-1660 |
| Plaintiff, : | |
| v. : | |
| : | Honorable William J. Nealon |
| BORTON-LAWSON ENGINEERING, : | |
| INC., CHRISTOPHER BORTON, : | |
| THOMAS LAWSON, MARY ELLEN : | JURY TRIAL DEMANDED |
| PETCAVAGE, MELISSA FISHER, : | |
| BETH ANN DELANY, and : | |
| CORPORATE COUNSELING AND : | |
| TRAINING SERVICES, INC., : | |
| Defendants : | **\*FILED ELECTRONICALLY\*** |

## REPLY BRIEF OF DEFENDANT BETH ANN DELANEY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R.CIV.P. 12(b)(1)

Defendant Beth Ann Delaney respectfully submits this Reply Brief in Response to Plaintiff's Brief in Opposition and in further support of her Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(1).

Initially, it is critical to note Plaintiff does <u>not</u> dispute that the Court lacks federal question jurisdiction over Defendant Delaney under 28. U.S.C. §1331 or

diversity of citizenship jurisdiction under 28 U.S.C. §1332. Thus, there is no question that the Court lacks <u>original jurisdiction</u> over Defendant Delaney and the claims asserted against her.

Plaintiff nonetheless claims that the Court should exercise supplemental jurisdiction over Delaney and the claims asserted against her under 28 U.S.C. §1367. However, for the reasons more fully set forth in Defendant's Brief in Support of her Motion to Dismiss, the Court cannot exercise supplemental jurisdiction under §1367.

First, and as noted above, it is uncontroverted that the Court lacks original jurisdiction over Delaney and the claims asserted against her, and therefore the Court cannot maintain original jurisdiction under §1367(a). Further, the Court cannot exercise supplemental jurisdiction under §1367(b). Plaintiff somewhat misses the mark as concerning Defendant's position in this regard. Specifically, Defendant does <u>not</u> contend that the Court may exercise original jurisdiction under §1332 (i.e., diversity of citizenship), as Plaintiff suggests in its Brief. <u>See</u>, Plaintiff's Brief in Opposition at p. 3. To the contrary, Defendant avers, and it is in fact undisputed, that the Court lacks diversity of citizenship jurisdiction under §1332, inasmuch as both Plaintiff and Defendant Delaney are residents of the Commonwealth of Pennsylvania. However, even <u>assuming</u> the Court had original jurisdiction over Defendant Delaney and the claims asserted against her under

2

§1332, pursuant to §1367(b), the Court nonetheless would not be capable of maintaining supplemental jurisdiction under §1367 inasmuch as Defendant Delaney was joined by Plaintiff as an Additional Defendant and a "necessary" party under Fed.R.Civ.P. 19.

Plaintiff further contends that the Court should exercise supplemental jurisdiction over Delaney and the claims asserted against her under §1367(a) as those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's argument in this regard is without merit. In Count I of her First Amended Complaint, Plaintiff alleges, in pertinent part, that her former employer, Defendant Borton-Lawson Engineering, Inc. ("BLE"), violated the federal Americans with Disabilities Act by failing to provide her with a reasonable accommodation on account of her purported disability. Count II of Plaintiff's Second Amended Complaint separately alleges retaliation against BLE under the Americans with Disabilities Act. Plaintiff alleges, in pertinent part, that "BLE unlawfully retaliated against Ms. Schmid by terminating her employment when they learned from Delaney/CCTS of Ms. Schmid's intent to bring suit for violations of the ADA." See, Plaintiff's First Amended Complaint, ¶74. Even assuming that Defendant Delaney did, in fact, share this purported information

3

with BLE, it is of note that Plaintiff has <u>not</u> alleged that Delaney violated the Americans with Disabilities Act, or any other <u>federal</u> statute, in any respect.

All of the claims Plaintiff has asserted against Defendant Delaney arise under <u>state law</u>, including claims for breach of contract, invasion of privacy, breach of fiduciary duty, negligence, and negligence *per se*. All of these state law claims are founded solely upon the premise that Defendant Delaney shared certain confidential information with BLE concerning Plaintiff's supposed intent to institute legal action against her former employer. While this alleged conduct may support the state law claims against Delaney (which Defendant unequivocally does <u>not</u> concede), these allegations are not "so related to the claims" asserted under the Americans with Disabilities Act against BLE that the Court must retain jurisdiction over them.

Plaintiff cites <u>DeAsencio v. Tyson Foods, Inc.</u> 342 F.3d 301, 308 (3rd Cir. 2003) and 28 U.S.C. §1367(c) for the proposition that District Courts <u>may</u> decline to exercise supplemental jurisdiction under certain enumerated circumstances. Plaintiff contends that none of the circumstances enumerated under 1367(c) apply here. To the contrary, however, without question, the state law-based claims asserted against Defendant Delaney clearly predominate over the ADA claims against BLE over which the District Court has original jurisdiction. Further, and as indicated above, Plaintiff has not alleged that Defendant Delaney in any way

4

violated the ADA and, more significantly, Plaintiff's state law claims against Delaney clearly exist independently of Plaintiff's federal claims.

## CONCLUSION

For the foregoing reasons, and for the reasons more fully set forth in her Motion and Brief in Support thereof, Defendant Beth Ann Delaney respectfully requests this Honorable Court grant her Motion submitted pursuant to Federal Rule of Civil Procedure 12(b)(1), and dismiss Plaintiff's First Amended Complaint against her in its entirety, with prejudice.

Respectfully Submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE: February 6, 2007    BY:    *s/ Sharon M. O'Donnell, Esquire*
Sharon M. O'Donnell, Esquire
I.D. No. 79457
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3503
smodonnell@mdwcg.com
*Attorneys for the Defendant Beth Ann Delaney*

# CERTIFICATE OF SERVICE

I, Sharon M. O'Donnell, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on the 6th day of February, 2007, I served a copy of the **Reply Brief of Defendant Beth Ann Delaney in Support of Her Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R.Civ.P. 12(b)(1)** via the Court's ECF system as follows:

| | |
|---|---|
| George R. Barron, Esquire<br>Gettysburg House<br>88 North Franklin Street<br>Wilkes-Barre, PA  18701<br>  *Attorney for Plaintiff* | James C. Oschal, Esquire<br>Thomas J. Campenni, Esquire<br>Rosenn, Jenkins & Greenwald, LLP<br>15 South Franklin Street<br>Wilkes-Barre, PA  18711<br>   *Attorney for Borton-Lawson*<br>   *Engineering, Inc., Christopher*<br>   *Borton, Thomas Lawson, Mary Ellen*<br>   *Petcavage and Melissa D. Fisher* |

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:   *s/ Sharon M. O'Donnell, Esquire*
      Sharon M. O'Donnell, Esquire
      I.D. No. 79457
      4200 Crums Mill Road, Suite B
      Harrisburg, PA  17112
      (717) 651-3503
      smodonnell@mdwcg.com
      *Attorneys for the Defendant*
      *Beth Ann Delaney*

\05_A\LIAB\CJCONRAD\LLPG\244976\DBZIMMERMAN\14180\04948