IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON SCHMID,
   Plaintiff,

v.

BORTON-LAWSON
ENGINEERING, INC.,
   Defendant

: 3:CV-05-1660

: (JUDGE NEALON)

FILED
SCRANTON
FEB 1 2 2007
PER _____
DEPUTY CLERK

## MEMORANDUM and ORDER

**BACKGROUND**

On August 15, 2005, Sharon Schmid ("Schmid") filed a three (3) count complaint against Borton-Lawson Engineering, Inc. ("BLE"). (Doc. 1). The complaint alleged that BLE failed to provide Schmid with a reasonable accommodation for her disability as required by the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Additionally, Schmid advanced a claim for tortious infliction of emotional distress which exacerbated her disability. On October 24, 2005, BLE submitted its answer to the complaint. (Doc. 5). Following a pretrial conference on March 21, 2006 the case was scheduled for trial commencing on June 5, 2006. (Doc. 11). Subsequent to a motion for an extension to complete discovery, the trial was continued until further

order of court. (Doc. 18).

On July 17, 2006, Schmid filed a Motion to Amend Complaint to add claims against BLE and to join Christopher Borton, Thomas Lawson, Mary Ellen Petcavage, Melissa Fisher, Beth Ann Delaney ("Delaney") and Corporate Counseling and Training Services, Inc. ("CCTS") as additional defendants. On October 24, 2006, plaintiff's motion to amend was granted in part and denied in part (Doc. 38) and on November 14, 2006, plaintiff filed her first amended complaint.[1] (Doc. 42).

On January 16, 2007, defendant Delaney filed a motion to dismiss all claims against her for lack of subject matter jurisdiction. (Doc. 51). Specifically, Delaney seeks dismissal of (1) count IV: breach of contract; (2) count V: invasion of privacy; (3) count VI: breach of fiduciary duty/confidential relationship; (4) count VII: negligence; and (5) count VIII: negligence *per se*. Delaney filed a brief in support of her motion on January 19, 2007 (Doc. 54) and plaintiff filed her brief in opposition on February 1, 2007. (Doc. 55). Delaney has now submitted her reply brief (Doc.

---

[1] Plaintiff was granted leave to join all of the above listed defendants. Plaintiff was also granted leave to amend to include the following counts: (1) count II for retaliation under the ADA against BLE; (2) count IV for breach of contract against BLE, Delaney and CCTS; (3) count V for invasion of privacy against CCTS, Delaney and Petcavage; (4) count VI for breach of fiduciary duty and/or confidential relationship against CCTS and Delaney; (5) count VII for negligence against CCTS and Delaney; (6) count VIII for negligence per se against CCTS and Delaney; and (7) count IX for civil conspiracy against BLE, Borton, Lawson, Petcavage and Fisher.

Count I against BLE for failure to provide a reasonable accommodation under the ADA and Count III against BLE under the PHRA were presented in the original complaint and have now been made a part of the amended complaint together with the above counts.

2

57) and the issue is ripe for disposition. For the following reasons, Delaney's motion to dismiss will be denied.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed.R.Civ.P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction can take two forms: (1) it can attack the complaint by alleging that the plaintiff's federal claim is frivolous or immaterial and has been alleged solely to obtain federal jurisdiction; or (2) it can attack the existence of subject matter jurisdiction in fact. Mortensen v. First Federal Savings and Loan, 549 F.2d 884, 891 (3d Cir.1977). The instant case involves the latter of these two forms.

In a Rule 12(b)(1) motion based on the existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff. This differs from motions under Rule 12(b)(6) or under Rule 12(b)(1) based on immateriality. Maser v. Potter, 2006 WL 149097, *1 ((W.D.Pa. 2006) *citing* Mortensen, 549 F.2d at 891. In a 12(b)(1) motion, it is the plaintiff who bears the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991), *cert.*

*denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991).

## DISCUSSION

Delaney argues that the claims against her must be dismissed since the court has neither federal question nor diversity jurisdiction over her claims. She further reasons that the district court cannot exercise supplemental jurisdiction when it does not have original jurisdiction. Plaintiff counters that the court has jurisdiction over the underlying action under the Americans with Disabilities Act ("ADA"). She alleges that the claims against Delaney are related to the ADA claims and therefore form part of the case properly before the court based on federal question jurisdiction. The parties agree that the court does not have independent diversity jurisdiction over Delaney under 28 U.S.C. §1332 or independent federal question jurisdiction under 28 U.S.C. § 1331.

In relevant part, 28 U.S.C. §1367 provides the following.

>   (a)   Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>   (b)   In any civil action of which the district courts have original

4

>   jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
> (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367.

The initial complaint and the amended complaint in this case present claims under the ADA. The ADA is a federal statute and the district courts have "original jurisdiction of all civil actions arising" under it. 28 U.S.C. §1331. Subsection (b) of the above quoted supplemental jurisdiction provision only applies when the court's original jurisdiction is based on diversity under 28 U.S.C. § 1332. As a result, subsection (b) is entirely inapplicable to the instant case. Subsection (a) clearly permits the court to exercise supplemental jurisdiction. Therefore, it remains for the court to determine whether one of the exceptions outlined in subsection (c) precludes the court from exercising supplemental jurisdiction under the particular facts alleged

in plaintiff's amended complaint.

As alleged in the amended complaint, Delaney worked for CCTS, an entity retained by BLE to offer counseling services to its employees. During the course of plaintiff's employment she received counseling from Delaney and was assured by BLE that her communications with Delaney would be confidential. Allegedly, Delaney disclosed confidential information involving plaintiff's "intent to bring suit for violations of the ADA" to BLE and/or its agents who, in turn, terminated her employment. According to the amended complaint, the disclosure by Delaney is part and parcel of the ADA retaliation claim.

The only exception to supplemental jurisdiction that Delaney argues is applicable is exception (2) which permits the district court to decline supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. §1367(c)(2). Delaney maintains that the state law claims against her "clearly exist independently of plaintiff's federal claims." (Doc. 57, p. 6). While this may be true, it certainly does not necessitate the conclusion that the claims against her predominate over the ADA claims. To the contrary, the facts central to the ADA claims, particularly to the ADA retaliation claim, are also involved in the state law claims asserted against Delaney. Further, it seems that each of the individual claims against Delaney or other

6

defendants originated because of the ADA retaliation claim.

It is clear that the district court would not have jurisdiction over the claims against Delaney were it not for the ADA claims. However, this is the exact scenario which supplemental jurisdiction is meant to accommodate. The claims against Delaney emanate from the same nucleus of fact as the ADA claims against BLE. Thus, it is of no consequence that the court does not have independent original jurisdiction over Delaney. Further, the fact that Delaney is a non-diverse party is insignificant since original jurisdiction is based on federal question rather than diversity. Finally, Delaney cannot argue that she is exempted from supplemental jurisdiction under 28 U.S.C. §1367 (b) since that subsection only applies when the district court has original jurisdiction based solely on diversity. Accordingly, Defendant Delaney's motion to dismiss will be denied.

DATE: February 12, 2007

s/ William J. Nealon

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON SCHMID,
        Plaintiff,         :     3:CV -05-1660

v.

                               (JUDGE NEALON)

BORTON-LAWSON
ENGINEERING, INC.,
        Defendant

## **ORDER**

**AND NOW**, this 12th day of February, 2007, in accordance with the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

Defendant Delaney's motion to dismiss (Doc. 51) is DENIED.

                                          s/ William J. Nealon
                                          United States District Judge