# GEORGE R. BARRON
### ATTORNEY AND COUNSELOR AT LAW
88 NORTH FRANKLIN STREET
WILKES-BARRE, PENNSYLVANIA 18701
TELEPHONE: (570) 824-3088
FAX: (570) 825-6675
grb@attorneybarron.com

September 12, 2007

**BY ELECTRONIC FILING**

Honorable Thomas M. Blewitt
Chief Magistrate Judge
William J. Nealon Federal Building
235 North Washington Avenue
Scranton, PA  18501

       RE:  Schmid v. Borton-Lawson et al.
           Case No.: 3: 05-CV-1660

Dear Judge Blewitt:

  I am writing in response to yesterday's letter written on behalf of defendant Beth Ann Delaney by her counsel, Sharon M. O'Donnell, Esq.

  As Attorney O'Donnell states, plaintiff recently served additional discovery requests on the defendants in this case.  Among those requests was the request for Ms. Delaney's tax returns.  Attorney O'Donnell asserts that (1) the records are not relevant; and (2) the information contained in the returns is readily available elsewhere.

  Attorney O'Donnell's second assertion is easily disposed of by reviewing more current authority than that cited in her letter.  Even if the requested information were available elsewhere, an objection to discovery based upon the assertion that the request "would only provide the [requesting party] with information it already possesses". . . "is not a valid objection to discovery."  <u>Khodara Environmental v. Chest Township,</u> 2007 U.S. Dist. LEXIS 56735 at 5 (W.D. Pa.) citing <u>Fort Washington Resources, Inc. v. Tannen,</u> 153 F.R.D. 78 (E.D. Pa. 1994), (denying Motion for Protective Order and granting Cross-Motion to Compel Production of Documents, including tax returns).  "[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source".  <u>Tannen,</u> 153 F.R.D.  at 79.  Notwithstanding the above, plaintiff's request is for information about Ms. Delaney's overall financial picture that is <u>not</u> available anywhere else.

  In response to Attorney  O'Donnell's first assertion, the requested tax returns are relevant.  The tax returns will help illustrate the depth and evolution of Ms. Delaney's business relationship with Borton-Lawson.   That business relationship is at the core of this case.  In 2003, Ms. Delaney provided confidential counseling services to plaintiff, her client.  As a licensed social worker, she owed plaintiff certain duties.  At the same time, Ms. Delaney provided consulting and training services to Borton-Lawson, also her client.  She owed Borton-Lawson certain duties.  When her duty to plaintiff came into conflict with her duty to Borton-Lawson, she chose to protect Borton-Lawson by warning of plaintiff's intention to bring suit.  Plaintiff was fired the next day.  Plaintiff believes that Ms. Delaney's business relationship was the motivation for that betrayal, and that Ms. Delaney's business relationship with Borton-Lawson blossomed in the months and years that followed, at least in part because of Ms. Delaney's demonstrated loyalty to Borton-Lawson.  The extent of Ms. Delaney's business relationship with Borton-Lawson and the income she generated as a result of that relationship are unquestionably relevant.

The tax returns, in conjunction with the information requested from defendant Borton-Lawson Engineering, Inc. regarding payments made to Ms. Delaney, will also indicate what percentage of Ms. Delaney's total income came from Borton-Lawson. Only by knowing how much money flowed from Borton-Lawson to Ms. Delaney, and how that financial relationship impacted Ms. Delaney's total financial picture, can plaintiff establish a financial motive for Ms. Delaney's actions. In addition, the financial information requested will help to establish the existence and extent of the conflict of interest arising from Ms. Delaney's concurrent provision of counseling services to plaintiff and consulting services to Borton-Lawson, and is also relevant to the question of whether Ms. Delaney met the required standard of care. There is no other source for this information.

In addition, plaintiff is requesting punitive damages. "[T]he weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed" Luria v. Allen, 469 F. Supp. 575 at 579-580 (W.D. Pa. 1979) *citing* Pretrial Discovery of Defendant's Financial Worth in Issue of Damages, 27 A.L.R.3d 1375 (1969). See also Long v. H.D.J. Company, Inc, 2004 U.S. Dist. LEXIS 11812 (E.D. Pa.). The wealth of a defendant is a proper matter for the consideration of a jury and for pre-trial discovery in a punitive damages case.[1] This is evident in Pennsylvania's standard jury instructions, which state in part:

> If you decide that the plaintiff is entitled to an award of punitive damages, the amount of such damages must be fixed by you. In doing so, you may consider . . . the wealth of the defendant insofar as it is relevant in fixing an amount which will punish it, and deter it and others from like conduct in the future.

Pennsylvania Standard Jury Instructions 14.02 (Civil). In addition, the requested information is relevant to determining the motive for Ms. Delaney's actions, a primary consideration in punitive damages cases. Under Pennsylvania law, punitive damages are available "for acts done with a bad motive or with a reckless indifference to the interests of others." Chambers v. Montgomery, 411 Pa. 339, 344 (1963) (quoting comment b to Section 908[1] of the Restatement of Torts).

Punitive damages are a very real possibility in this case. Plaintiff is alleging that Ms. Delaney, plaintiff's counselor and confidante, unlawfully disclosed confidential information which led to plaintiff's termination the next morning. Plaintiff believes that Ms. Delaney did this in order to ingratiate herself to Borton-Lawson, a large and growing source of her revenue. The betrayal by a licensed social worker of her vulnerable and trusting client for financial gain is behavior sufficiently outrageous to support an award of punitive damages.

Plaintiff welcomes a discovery conference to discuss these issues at your Honor's convenience.

Sincerely,

George R. Barron

cc:  Sharon Schmid
     Sharon O'Donnell (via ECF)
     James C. Oschal, Esq (via ECF)
     Anne Cianflone (via ECF)

---

[1] Plaintiff will be serving additional discovery requests upon Ms. Delaney seeking information about her assets. Plaintiff will get those requests to Attorney O'Donnell prior to any discovery conference so that any objections may be addressed.