IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sharon Schmid** | : | Case No.3:05-CV-01403 |
| Plaintiff | : | |
| | : | |
| vs. | : | (Honorable Thomas M. Blewitt) |
| | : | |
| **Borton-Lawson Engineering,** | : | |
| **Inc., et al.** | : | **JURY TRIAL DEMANDED** |
| Defendants | : | |

**BRIEF OF PLAINTIFF SHARON SCHMID IN OPPOSITION TO DEFENDANT BETH ANN DELANEY'S MOTION FOR RECONSIDERATION**

Plaintiff Sharon Schmid, by and through her attorney George R. Barron, Esquire, hereby submits this Brief in Opposition to Defendant Beth Ann Delaney's Motion for Reconsideration of the Court's Order dated September 27, 2007, and in support thereof states as follows:

I.  PROCEDURAL HISTORY

For purposes of this brief, Plaintiff concurs with the Procedural History set forth in Defendant Delaney's Brief in Support of her Motion for Reconsideration.

II.     STATEMENT OF FACTS

For purposes of this brief, Plaintiff concurs with the Statement of Facts set forth in Defendant Delaney's Brief in Support of her Motion for Reconsideration.  However, there are relevant facts not mentioned in Defendant Delaney's brief.

Defendant Delaney is a Licensed Social Worker.  At the time of Plaintiff's termination, Plaintiff was participating in marital and personal counseling provided by Defendant Delaney.  Those services were provided pursuant to an Employee Assistance Program ("EAP") sponsored by Plaintiff's employer, Borton-Lawson Engineering, Inc. ("BLE").  BLE paid Defendant Delaney to provide EAP benefits, including the counseling in which Plaintiff participated.

At the same time, Defendant Delaney provided other services to BLE.  Those services were of a consultative and quasi-managerial nature.  Defendant Delaney, and the business entities of which she is a principal, continued to provide those consultative and quasi-managerial services to BLE after Plaintiff's termination.  The amount of money paid by BLE to Defendant Delaney and her businesses for these services increased dramatically in the years following Plaintiff's termination.

Plaintiff alleges that Defendant Delaney's unauthorized disclosure of confidential information to BLE on October 27, 2003 – the day before Plaintiff was fired – was a gross breach of Defendant Delaney's professional obligations to Plaintiff.  Plaintiff believes that Defendant Delaney disclosed that confidential information to BLE in an effort to protect BLE from an impending lawsuit and to endear herself to BLE by showing her loyalty.  In addition, Plaintiff maintains that the conflict of interest arising from Defendant Delaney's simultaneous participation in the day-to-day operation of BLE and her provision of "confidential" counseling services to BLE employees is, in itself, far below the applicable standard of care.

III.   QUESTION PRESENTED

Should the Court uphold the Order of September 27, 2007 directing Defendant Delaney to produce the requested information?

Suggested Answer:  Yes.

IV.   STANDARD OF REVIEW

Defendant Delaney does not accurately set forth the applicable standard of review pursuant to Fed. R. Civ. P. 60(b), the basis for her Motion. She cites Interbusiness Bank, N.A. v. First National Bank of

Mifflintown, 328 F. Supp. 2d 522 (M.D. Pa. 2004) for the proposition that "[t]he standard of review for a Motion for Reconsideration relates back to the standard applicable in the underlying decision". Defendant's brief at 5. This is incorrect.

Defendant Delaney overlooks the fact that the Interbusiness Bank court was examining a Motion to Reconsider under a different rule: Fed. R. Civ. P. 59(3). That court observed:

> Motions for reconsideration under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. - - - Such motions require the court to reconstruct the record as it existed at the time of the prior decision to determine whether the court committed a clear error of law material to the ruling.

Interbusiness Bank, N.A. v. First National Bank of Mifflintown, 328 F. Supp. 2d 522, 525 (internal citations omitted) (M.D. Pa. 2004). "[A] motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error. United States v. Fiorelli, 337 F.3d 282, 288, quoting Smith v. Evans, 853 F.2d at 158-59, (3d Cir. 1988).

A Motion under Rule 60(b) requires much more of the Movant. The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). "[A] Rule 60(b) motion may not

be used as a substitute for an appeal, and . . . legal error, without more does not warrant relief under that provision" <u>Fiorelli,</u> *supra* at 288, citing <u>Smith v. Evans,</u> *supra*. Rule 60(b) is therefore <u>not</u> a "device to relitigate the original issue", so the applicable standard is <u>not</u> the same as that informing the underlying decision. Rather, Movant must demonstrate "exceptional circumstances" that require the "extraordinary relief" of Rule 60(b).

Defendant Delaney cites nothing approaching "exceptional circumstances" as a basis for her motion. Rather, she simply restates the arguments made during the initial discovery conference. Even if those arguments had merit, they would be insufficient to warrant the extraordinary relief that she seeks.

V.   LEGAL ARGUMENT

Defendant Delaney accurately identifies the two-part analysis applied by the Third Circuit to determine whether tax returns should be disclosed:

> In determining whether a tax return is properly discoverable, courts apply a two-part test: (1) the tax returns must be relevant to the subject matter of the litigation; and (2) the information sought in the tax returns is not readily available from other sources.

Carnegie Hill Financial Inc. v. Krieger, 2001 U.S. Dist. LEXIS 10916 at 5 (E.D. Pa.)[1]

The Carnegie Hill Foundation court went on to review the assignment of burdens in that analysis:

> The party seeking to obtain the tax returns bears the burden of demonstrating their relevance; once relevance has been established, the party resisting discovery bears the burden of proving that alternative sources would provide the required information.

Id.

### A.     The requested tax returns are relevant.

"[R]elevant evidence is defined broadly as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Moyer v. United Dominion Industries, Inc., 473 F.3d 532, 542 quoting Fed. R. Evid. 401 (internal quotation omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

---

[1] The Carnegie Hill Financial court granted Plaintiff's Motion to Compel production of Defendant's unredacted tax returns for three of the four years requested. The case involved allegations of "trademark infringement, breach of contract, breach of fiduciary obligations, breach of confidential relations, waste of corporate assets, and tortious inference with contract"

Mincy v. Chmielewski, 2006 U.S. Dist. LEXIS 77595 at 3-4 (M.D. Pa.), citing Fed.R.Civ.P. 26(b)(1).

The requested tax returns will help illustrate the depth and evolution of the business relationships between Defendant Delaney, her business entities and BLE. Those business relationships are at the core of this case. The nature of Defendant Delaney's relationship with BLE, her business entities' relationships with BLE, and the income she generated as a result of those relationships are unquestionably relevant.

In addition, the financial information requested will help to establish the existence and extent of the conflict of interest arising from Defendant Delaney's concurrent provision of counseling services to plaintiff and consulting services to BLE, and is also relevant to the question of whether Defendant Delaney met the required standard of care.

**B.    The information sought in the discovery requests is not available from any other source.**

Plaintiff has requested and received information from BLE regarding payments made to Defendant Delaney and her business entities. The information received from BLE indicated that Defendant Delaney and Signet Health Solutions ("Signet") received substantial amounts of money from

BLE during and after Plaintiff's employment.  However, that information is but a single piece of the puzzle.

Plaintiff has accused Defendant Delaney of a shocking transgression of her professional duties.  Plaintiff believes that the primary motivation for that transgression was financial.  In order to illustrate that motivation, Plaintiff must understand Defendant Delaney's overall financial situation and how it was affected by the relationship with BLE.

Plaintiff must be able to illustrate the financial importance to Defendant Delaney of her business relationship, and that of her business entities, with BLE.  The requested tax returns will show how Defendant Delaney's relationship with BLE affected her overall financial well-being and that of her businesses.  That information is not available from any other source.

The information received from BLE indicates that Defendant Delaney began providing a large measure of her services to BLE through Signet.  The requested tax returns will show how the payments made by BLE to Signet enriched Defendant Delaney personally.  There is no other source for this information.

The requested tax returns are relevant, and will provide Plaintiff with information that is unavailable anywhere else.  Accordingly, Plaintiff

respectfully requests that the Court deny Defendant Delaney's Motion to Reconsider and order Defendant Delaney to produce the requested information without further delay.

/s/ George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088