IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON SCHMID, | : | |
| | : | No. 3:05-CV-1660 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | Honorable William J. Nealon |
| BORTON-LAWSON ENGINEERING, | : | Hon. Thomas M. Blewitt |
| INC., CHRISTOPHER BORTON, | : | |
| THOMAS LAWSON, MARY ELLEN | : | JURY TRIAL DEMANDED |
| PETCAVAGE, MELISSA FISHER, | : | |
| BETH ANN DELANY, and | : | |
| CORPORATE COUNSELING AND | : | |
| TRAINING SERVICES, INC., | : | |
| | : | |
| Defendants. | : | *FILED ELECTRONICALLY* |

**BRIEF OF DEFENDANT BETH ANN DELANEY IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR
SANCTIONS**

Defendant Beth Ann Delaney, by and through her undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, respectfully submits this Brief in opposition to Plaintiff's Motion to Compel Discovery and for Sanctions.

1

I.   **PROCEDURAL HISTORY AND STATEMENT OF FACTS.**

Under cover of letter dated August 24, 2007, Plaintiff's counsel served a Second Request for Production of Documents directed to Defendant Delaney. Among other requests, Plaintiff requested that Defendant Delaney produce the following documentation:

> A.   All federal and state tax returns, as well as all schedules, 1099 forms, W-2 forms, and other documents filed by you for each year from 2001 to 2006; and
>
> B.   All federal and state tax returns, as well as schedules, 1099 forms, W-2 forms, and other documents filed by any entity of which you are an officer or a partner, including, but not limited to, Signet Health Solutions for each year from 2001 to 2006.

By letter dated September 11, 2007, the undersigned counsel wrote to the Court requesting a discovery conference to address the propriety of Plaintiff's discovery requests.  On September 25, 2007, all counsel participated in a telephonic discovery conference with the Court.  As a result of the conference, Judge Blewitt directed that Defendant Delaney produce the documentation indicated above.  On September 27, 2007, an Order was entered on the docket memorializing Judge Blewitt's directives and directing Defendant Delaney to produce the requested documentation within ten (10) days of the filing of that Order.

On October 5, 2007, Defendant Delaney filed a Motion for Reconsideration of the Court's September 27, 2007 Order.   On October 17, 2007 the Court

conducted a telephone conference to address, <u>inter alia</u>, Defendant Delaney's Motion for Reconsideration. Also on October 17, 2007, the Court entered an Order denying the Motion for Reconsideration and directing Defendant Delaney to produce the requested documentation.

Under cover of letter dated October 22, 2007, Defendant Delaney served Objections and Responses to Plaintiff's Second Request for Production of Documents, a true and accurate copy of which is attached hereto as Exhibit "A." In her response, Defendant Delaney identified a number of requested documents that she was able to locate and which were being produced therewith, but she also indicated that she was not in possession of any other documents responsive to Plaintiff's requests. At the time Defendant Delaney provided the identified documents to the undersigned, it was her belief that she was not in possession of any additional documentation in response to Plaintiff's requests. <u>See</u> Verified Statement of Beth Ann Delaney, ¶3, attached hereto as Exhibit "B."

On October 30, 2007, Plaintiff filed a Motion and supporting Brief to Compel Discovery and for Sanctions. Notably, however, Plaintiff's counsel did <u>not</u> seek the concurrence of the undersigned before filing the Motion, as is required by Local Rule 7.1, evidenced by the failure by Plaintiff to submit an accompanying Certification in that regard. The Motion also does <u>not</u> contain a certification that Plaintiff's counsel conferred or attempted to confer in good faith with the

undersigned in an effort to secure the information requested without court action, as is required by Fed. R. Civ. P. 37(a)(2)(B).

Upon the filing of Plaintiff's Motion, Defendant Delaney's counsel promptly contacted the Court to advise that concurrence had not been sought by Plaintiff's counsel to the Motion and to inquire whether the Court was inclined to conduct a discovery conference to address Plaintiff's discovery Motion.  The Court directed Defendant Delaney's counsel to attempt to resolve the discovery dispute with Plaintiff's counsel.

In an effort to resolve Plaintiff's instant Motion without the need for further Court intervention, by email dated November 6, 2007, Defendant Delaney's counsel wrote to Plaintiff's counsel to advise that Defendant Delaney had conducted a more comprehensive search of her personal records and was able to locate additional documentation in response to Plaintiff's request.  See Exhibit "C" attached hereto; see also Verified Statement of Beth Ann Delaney, ¶4-7.  Defendant Delaney's counsel also advised that Ms. Delaney was prepared to produce these additional documents in short order and requested that Plaintiff's counsel withdraw the instant Motion in light thereof.

By email dated November 7, 2007, Plaintiff's counsel advised Defendant Delaney's counsel that even though Defendant was willing to supply the additional

documentation she located, he would withdraw the Motion only if Defendant agreed to pay his attorney's fees. See Exhibit "D" attached hereto.

**II.     ISSUE PRESENTED.**

**A.     WHETHER PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS SHOULD BE DENIED?**

**Suggested Answer: In the Affirmative.**

**III.    LEGAL ARGUMENT.**

**A.     PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS SHOULD BE DENIED.**

Plaintiff in her Motion and Supporting Brief relies primarily upon Fed. R. Civ. P. 37(b), arguing that Defendant Delaney failed to comply with the Court's October 17, 2007 Order when she provided her Objections and Responses to Plaintiff's Second Request for Production of Documents. This simply is not the case. As indicated in Defendant Delaney's Objections and Responses, as well as in her accompanying Verified Statement, at the time Defendant's Objections and Responses were provided to Plaintiff's counsel, it was Defendant's belief that she was not in possession of any additional documentation responsive to Plaintiff's Request. Defendant Delaney endeavored in good faith to comply with the Court's October 17, 2007 Order, and there has been no violation thereof. Fed. R. Civ. P.

37(b) simply is not applicable here.[1]  Nonetheless, Plaintiff evidently was dissatisfied with Defendant Delaney's Objections and Responses and thus saw fit to file the instant Motion.

Despite Plaintiff's efforts to cast the instant application as a Rule 37(b) Motion, however, the Motion must be examined within the purview of Fed. R. Civ. P. 37(a).  The Rule provides in pertinent part as follows:

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request.  <u>The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.</u>

Fed. R. Civ. P. 37(a)(2)(B) (emphasis supplied).  Middle District Local Rule 7.1 also provides in pertinent part: "All motions filed prior to trial must be written, <u>and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has either been given or denied</u>." (emphasis supplied).

Plaintiff's Motion is procedurally defective in that it contains neither of the Certifications required by Rule 37(a)(2)(B) or Local Rule 7.1.  This is not a mere

---

[1] Even assuming Fed. R. Civ. P. 37(b) applies here, which Defendant does not concede, for the reasons articulated in this Brief the imposition of sanctions in the form of attorney's fees and expenses would be unjust.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(E).

technical deficiency, however.  Rather, Plaintiff's failure to comply with these Rules has caused Defendant unnecessary expense in having to engage in this unwarranted and needless motion practice.  Moreover, Plaintiff's failure to comply with these Rules unnecessarily has caused the Court to intervene in a matter that easily could have been resolved without Court involvement.

As noted above, Defendant Delaney renewed her efforts to locate additional documents responsive to Plaintiff's Requests, even though she was not aware of the existence of any additional documents at the time her Objections and Responses to Plaintiff's Second Request for Production of Documents was supplied.  Defendant Delaney in fact has located additional documents, and Defendant stands ready and is prepared to provide the documents to Plaintiff's counsel.  However, despite Plaintiff's failure to comply with Fed. R. Civ. 37(a)(2)(B) and Local Rule 7.1, Plaintiff's counsel advised he was unwilling to withdraw the instant Motion unless his attorney's fees are paid.

Plaintiff clearly is not entitled to an award of counsel fees and costs under the circumstances.  Fed. R. Civ. P. 37(a)(4)(A) provides –

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, <u>unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court</u>

7

<u>action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.</u>

(emphasis supplied).  Here, Plaintiff failed in its obligation to attempt to resolve this discovery dispute in good faith prior to filing the instant Motion, as is required by Fed. R. Civ. 37(a)(2)(B) and Local Rule 7.1.  Plaintiff's Motion does not contain the Certifications required by those Rules, thus evidencing Plaintiff's failure to comply therewith.  Had Plaintiff and her counsel taken the steps required by Fed. R. Civ. 37(a)(2)(B) and Local Rule 7.1 before filing her Motion, this motion practice clearly could have been avoided.

## IV. CONCLUSION.

For the foregoing reasons, Defendant Beth Ann Delaney respectfully submits that Plaintiff's Motion to Compel and for Sanctions must be denied.

## V. WORD COUNT CERTIFICATION.

The undersigned certifies that this Brief does not exceed 5,000 words, and in submitting this certification, counsel has relied upon the word count feature of the word processing system used to prepare the Brief.  According to the word processing system used to prepare the Brief, the actual number of words in the Brief is 1,914.

                Respectfully Submitted,

                **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE: <u>November 13, 2007</u>    BY:  <u>*s/ Sharon M. O'Donnell, Esquire*</u>
                                                 Sharon M. O'Donnell, Esquire
                                                 I.D. No. 79457
                                                 4200 Crums Mill Road, Suite B
                                                 Harrisburg, PA  17112
                                                 (717) 651-3503
                                                 smodonnell@mdwcg.com
                                                 *Attorneys for the Defendant*
                                                 *Beth Ann Delaney*

## **CERTIFICATE OF SERVICE**

I, Sharon M. O'Donnell, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on the <u>13th</u> day of <u>November</u>, 2007, I served a copy of the **Brief in Opposition to Plaintiff's Motion to Compel and for Sanctions** via the Court's ECF system as follows:

| | |
|---|---|
| George R. Barron, Esquire<br>Gettysburg House<br>88 North Franklin Street<br>Wilkes-Barre, PA  18701<br>  *Attorney for Plaintiff* | James C. Oschal, Esquire<br>Thomas J. Campenni, Esquire<br>Rosenn, Jenkins & Greenwald, LLP<br>15 South Franklin Street<br>Wilkes-Barre, PA  18711<br>  *Attorney for Borton-Lawson*<br>  *Engineering, Inc., Christopher*<br>  *Borton, Thomas Lawson, Mary Ellen*<br>  *Petcavage and Melissa D. Fisher* |
| Anne B. Cianflone, Esquire<br>Hinman, Howard & Kattell, LLP<br>321 Spruce Street, Suite 705<br>Scranton, PA  18503<br>*Attorney for Defendant CCTS, Inc.* | |

                                         **MARSHALL DENNEHEY WARNER**
                                         **COLEMAN & GOGGIN**

              BY:   <u>*s/ Sharon M. O'Donnell, Esquire*</u>
                     Sharon M. O'Donnell, Esquire
                     I.D. No. 79457
                     4200 Crums Mill Road, Suite B
                     Harrisburg, PA  17112
                     (717) 651-3503
                     smodonnell@mdwcg.com
                     *Attorneys for the Defendants*
                     *Beth Ann Delaney*