IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON SCHMID, | : | |
| | : | No. 3:05-CV-1660 |
| Plaintiff, | : | |
| v. | : | |
| | : | Honorable William J. Nealon |
| BORTON-LAWSON ENGINEERING, | : | Hon. Thomas M. Blewitt |
| INC., CHRISTOPHER BORTON, | : | |
| THOMAS LAWSON, MARY ELLEN | : | JURY TRIAL DEMANDED |
| PETCAVAGE, MELISSA FISHER, | : | |
| BETH ANN DELANY, and | : | |
| CORPORATE COUNSELING AND | : | |
| TRAINING SERVICES, INC., | : | |
| | : | |
| Defendants. | : | *FILED ELECTRONICALLY* |

## MOTION OF DEFENDANT BETH ANN DELANEY FOR PROTECTIVE ORDER

Defendant Beth Ann Delaney, by and through her undersigned counsel,

Marshall, Dennehey, Warner, Coleman & Goggin, respectfully moves before this

Honorable Court pursuant to Fed. R. Civ. P. 26(c) for Protective Order limiting the

scope of disclosure and dissemination of certain personal tax records, and in support thereof avers as follows:

1. This complex matter arises out of Plaintiff's termination from her employment with Defendant Borton Lawson Engineering, Inc. ("BLE") on or about October 28, 2003. Plaintiff has asserted various claims against BLE, her former employer, under the Americans with Disabilities Act and the Pennsylvania Humans Relations Act, as well as a civil conspiracy claim against BLE and Defendants Christopher Borton, Thomas Lawson, Mary Ellen Petcavage and Melissa Fisher, all of whom either were principals or employees of BLE at all times relevant hereto.

2. Plaintiff separately has asserted several common law claims against Defendant Beth Ann Delaney, a licensed social worker, sounding in negligence, breach of fiduciary duty, invasion of privacy and breach of contract. The gravamen these claims is that Ms. Delaney allegedly disclosed to BLE certain confidential information revealed to her by Plaintiff in an email dated October 27, 2003, and that this information was in turn utilized by BLE in fostering its decision to terminate Plaintiff's employment. Ms. Delaney denies all claims.

3. During the course of discovery, and in response to certain written requests made by Plaintiff pursuant to Fed. R. Civ. P. 34, Defendant Delaney

produced to Plaintiff's counsel (as well as to all other counsel of record) certain personal tax records, including –

a. Defendant Delaney's personal Pennsylvania Income Tax Returns (Form PA-40) for the years 2001, 2002, 2003, 2004, 2005 and 2006;

b. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedules C and D, for the year 2001;

c. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedule D, for the year 2002;

d. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedules C and D, for the year 2003;

e. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedule C, for the year 2004;

f. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedules C and D, for the year 2005;

g. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedule C, for the year 2006;

h. Miscellaneous Income Statement (Form 1099-Misc) issued to Defendant Delaney by Borton Lawson Engineering, Inc. for the year 2003;

i. Miscellaneous Income Statement (Form 1099-Misc) issued to Defendant Delaney by Borton Lawson Engineering, Inc. for the year 2004;

j. Defendant Corporate Counseling and Training Services, Inc.'s[1] Federal Income Tax Return for an S Corporation (Form 1120S) for the year 2001;

k. Miscellaneous Income Statement (Form 1099-Misc) issued to Corporate Counseling and Training Services, Inc. by Borton-Lawson Engineering, Inc. for the year 2006;

4. Defendant Delaney seeks to limit the disclosure and dissemination of these documents only to the parties to this action; the attorneys for the parties; and any expert selected by the parties.

5. Also, Defendant Delaney seeks an Order requiring that any pleadings or other documents submitted to or filed with the Court in this action which attach, append contain, summarize, or refer to the documents above described be filed under seal with the Court in an envelope bearing the caption of this action and the notation "Confidential," and that such envelope bear a statement indicating that the

---

[1] At all relevant times Beth Ann Delaney was the sole principal owner of Corporate Counseling and Training Services, Inc.

envelope shall not be opened by, and the contents thereof shall not be revealed, to third parties except by Order of the Court.

6. Finally, Defendant Delaney seeks an Order directing that all documents which have been produced, as above described, and any copies thereof, be returned to her upon the conclusion of this action.

7. The undersigned, as counsel for Defendant Delaney, proposed a Confidentiality Agreement to the parties' respective counsel which included provisions nearly identical to those recited in Paragraphs 4 – 6 above. A true and accurate copy of the proposed Confidentiality Agreement is attached hereto as Exhibit "A."

8. Plaintiff's counsel refused to sign the proposed Confidentiality Agreement, thus necessitating the filing of the within Motion. Counsel for Defendants Borton-Lawson Engineering, Inc., Christopher Borton, Thomas Lawson, Mary Ellen Petcavage and Melissa Fisher, as well as counsel for Defendant Corporate Counseling and Training Services, Inc., agreed to sign the Confidentiality Agreement as proposed.

9. In accordance with Fed. R. Civ. P. 26(c), the undersigned, as counsel for Defendant Delaney, endeavored in good faith to resolve this dispute without the need for filing this formal Motion. Despite these good faith efforts, however,

Plaintiff's counsel would not agree to sign the proposed Confidentiality Agreement, thus necessitating this motion practice.

10. Defendant Delaney respectfully submits there is good cause for the entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c), as such an Order will protect Defendant Delaney from the annoyance and embarrassment of having her personal financial information being made a matter of public record or disclosed to any person not directly involved in this litigation.

WHEREFORE, Defendant Beth Ann Delaney respectfully requests that this Honorable Court enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) to limit the scope of the disclosure and dissemination of her personal tax records.

Respectfully Submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE: December 11, 2007       BY:   *s/ Sharon M. O'Donnell, Esquire*
                                    Sharon M. O'Donnell, Esquire
                                    I.D. No. 79457
                                    4200 Crums Mill Road, Suite B
                                    Harrisburg, PA  17112
                                    (717) 651-3503
                                    smodonnell@mdwcg.com
                                    *Attorneys for the Defendant*
05/364016.v1                        *Beth Ann Delaney*

## CERTIFICATE OF SERVICE

I, Sharon M. O'Donnell, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on the 11th day of <u>December</u>, 2007, I served a copy of the **MOTION FOR PROTECTIVE ORDER** via the Court's ECF system as follows:

George R. Barron, Esquire
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
 *Attorney for Plaintiff*

James C. Oschal, Esquire
Thomas J. Campenni, Esquire
Rosenn, Jenkins & Greenwald, LLP
15 South Franklin Street
Wilkes-Barre, PA 18711
 *Attorney for Borton-Lawson
 Engineering, Inc., Christopher
 Borton, Thomas Lawson, Mary Ellen
 Petcavage and Melissa D. Fisher*

Anne B. Cianflone, Esquire
Hinman, Howard & Kattell, LLP
116 North Washington Avenue, Suite 1-E
Scranton, PA 18503
*Attorney for Defendant CCTS, Inc.*

## MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

BY:    *s/ Sharon M. O'Donnell, Esquire*
       Sharon M. O'Donnell, Esquire
       I.D. No. 79457
       4200 Crums Mill Road, Suite B
       Harrisburg, PA 17112
       (717) 651-3503
       smodonnell@mdwcg.com
       *Attorneys for the Defendants*
       *Beth Ann Delaney*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON SCHMID, | : | |
| Plaintiff, | : | No. 3:05-CV-1660 |
| | : | |
| v. | : | |
| | : | Honorable William J. Nealon |
| BORTON-LAWSON ENGINEERING, | : | Hon. Thomas M. Blewitt |
| INC., CHRISTOPHER BORTON, | : | |
| THOMAS LAWSON, MARY ELLEN | : | JURY TRIAL DEMANDED |
| PETCAVAGE, MELISSA FISHER, | : | |
| BETH ANN DELANY, and | : | |
| CORPORATE COUNSELING AND | : | |
| TRAINING SERVICES, INC., | : | |
| | : | |
| Defendants. | : | *FILED ELECTRONICALLY* |

## CONFIDENTIALITY AGREEMENT

WHEREAS, Defendant Beth Ann Delaney is in possession of and/ or has

provided certain information and documentation deemed to be confidential in

nature; and

1

WHEREAS, Defendant Beth Ann Delaney desires to limit the scope of the disclosure and dissemination of that confidential information and documentation;

IT IS HEREBY AGREED, by and between the parties hereto, as follows:

1. The information and documentation subject to this Agreement, which shall be deemed and designated as "Confidential," includes the following:

a. Defendant Delaney's personal Pennsylvania Income Tax Returns (Form PA-40) for the years 2001, 2002, 2003, 2004, 2005 and 2006;

b. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedules C and D, for the year 2001;

c. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedule D, for the year 2002;

d. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedules C and D, for the year 2003;

e. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedule C, for the year 2004;

f. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedules C and D, for the year 2005;

:

2

g. Defendant Delaney's personal Federal Income Tax Return (Form 1040), including Schedule C, for the year 2006;

h. Miscellaneous Income Statement (Form 1099-Misc) issued to Defendant Delaney by Borton Lawson Engineering, Inc. for the year 2003;

i. Miscellaneous Income Statement (Form 1099-Misc) issued to Defendant Delaney by Borton Lawson Engineering, Inc. for the year 2004;

j. Defendant Corporate Counseling and Training Services, Inc.'s Federal Income Tax Return for an S Corporation (Form 1120S) for the year 2001;

k. Miscellaneous Income Statement (Form 1099-Misc) issued to Corporate Counseling and Training Services, Inc. by Borton-Lawson Engineering, Inc. for the year 2006;

l. Defendant Delaney's home telephone number; and

m. The identity of the carrier providing home telephone service to Defendant Delaney.

2. The confidential information and documentation identified herein shall not be disclosed or disseminated in any manner, except as hereinafter described.

3. The confidential information and documentation identified herein shall be used solely for and in conjunction with the prosecution or defense of this action, and for no other purpose whatsoever.

4. The confidential information and documentation herein shall be disclosed only to the parties to this action; the attorneys for the parties; and any expert selected by the parties. The parties, their attorneys and any selected expert are bound by the terms of this Agreement. It shall be the responsibility of the parties' respective counsel to notify any selected expert of his or her obligation to remain bound by the terms of this Agreement and to ensure the expert's compliance with this Agreement.

5. All pleadings or other documents submitted to or filed with the Court in this action which attach, append contain, summarize, or refer to the confidential information and documentation described herein, shall be subject to this Agreement. Such pleadings or other documents shall be filed under seal with the Court in an envelope bearing the caption of this action and the notation "Confidential." The envelope also shall bear a statement indicating that the envelope shall not be opened by, and the contents thereof shall not be revealed, to third parties except by Order of the Court.

⋮

4

6. At the conclusion of this action, whether by settlement, upon motion, at trial, or otherwise, all copies made of the confidential information and documentation described herein shall be returned to the attorneys of record for Defendant Delaney, within fourteen (14) days of the date of final disposition. In the event the confidential information and documentation is not capable of being returned, because said material inadvertently was lost, misplaced, destroyed, or otherwise, the person or party responsible for the failure to return the material shall provide a written, verified statement containing an explanation for the failure to return.

7. All parties and their counsel of record acknowledge that this Agreement is legally binding and enforceable by this Court. All parties and their counsel further agree that the failure to abide by the terms of this Agreement shall subject the offending person or party to sanctions by the Court.

8. All objections as to the admissibility of the confidential information and documentation are preserved to the time of trial. No privileges are waived by any party by executing this Agreement.

9. This Agreement may be executed in counterparts.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON SCHMID, | : | |
| | : | No. 3:05-CV-1660 |
| Plaintiff, | : | |
| v. | : | |
| | : | Honorable William J. Nealon |
| BORTON-LAWSON ENGINEERING, | : | Hon. Thomas M. Blewitt |
| INC., CHRISTOPHER BORTON, | : | |
| THOMAS LAWSON, MARY ELLEN | : | JURY TRIAL DEMANDED |
| PETCAVAGE, MELISSA FISHER, | : | |
| BETH ANN DELANY, and | : | |
| CORPORATE COUNSELING AND | : | |
| TRAINING SERVICES, INC., | : | |
| | : | |
| Defendants. | : | **FILED ELECTRONICALLY** |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

In accordance with Local Rule 7.1, the undersigned sought, but did not

obtain the concurrence to the relief requested by Defendant Beth Ann Delaney's

Motion for Protective Order from George R. Barron, Esquire, counsel for Plaintiff.

Concurrence was sought and obtained from James C. Oschal, Esquire, counsel for

1

Defendants Borton-Lawson Engineering, Inc., Christopher Borton, Thomas Lawson, Mary Ellen Petcavage, and Melissa Fisher; and from Ann B. Cianflone, Esquire, counsel for Corporate Counseling and Training Services, Inc.

Respectfully Submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE: <u>December 10, 2007</u>   BY:   *s/ Sharon M. O'Donnell, Esquire*
Sharon M. O'Donnell, Esquire
I.D. No. 79457
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3503
smodonnell@mdwcg.com
*Attorneys for the Defendant*
*Beth Ann Delaney*

## CERTIFICATE OF SERVICE

I, Sharon M. O'Donnell, Esquire, of Marshall, Dennehey, Warner, Coleman

& Goggin, do hereby certify that on the 11th day of December, 2007, I served a

copy of the **Certification Pursuant to Local Rule 7.1** via the Court's ECF system

as follows:

| | |
|---|---|
| George R. Barron, Esquire<br>Gettysburg House<br>88 North Franklin Street<br>Wilkes-Barre, PA 18701<br>*Attorney for Plaintiff* | James C. Oschal, Esquire<br>Thomas J. Campenni, Esquire<br>Rosenn, Jenkins & Greenwald, LLP<br>15 South Franklin Street<br>Wilkes-Barre, PA 18711<br>*Attorney for Borton-Lawson<br>Engineering, Inc., Christopher<br>Borton, Thomas Lawson, Mary Ellen<br>Petcavage and Melissa D. Fisher* |
| Anne B. Cianflone, Esquire<br>Hinman, Howard & Kattell, LLP<br>321 Spruce Street, Suite 705<br>Scranton, PA 18503<br>*Attorney for Defendant CCTS, Inc.* | |

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:   *s/ Sharon M. O'Donnell, Esquire*
Sharon M. O'Donnell, Esquire
I.D. No. 79457
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3503
smodonnell@mdwcg.com
*Attorneys for the Defendants
Beth Ann Delaney*

3