# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sharon Schmid** | : | **Case No.: 3: 05-CV-1660** |
|    Plaintiff | : | |
| | : | |
| vs. | : | **(Honorable Thomas M. Blewitt)** |
| | : | |
| **Borton-Lawson Engineering,** | : | |
| **Inc., et al.** | : | **JURY TRIAL DEMANDED** |
|    Defendants | : | |

### BRIEF OF PLAINTIFF SHARON SCHMID IN OPPOSITION TO DEFENDANT BETH ANN DELANEY'S MOTION FOR A PROTECTIVE ORDER

Plaintiff Sharon Schmid, by and through her attorney George R. Barron, Esquire, hereby submits this Brief in Opposition to Defendant Beth Ann Delaney's Motion for a Protective Order dated December 11, 2007 and in support thereof states as follows:

I.    PROCEDURAL HISTORY

On August 24, 2007 plaintiff requested defendant Delaney's tax records. Defendant refused to produce the tax documents. On September 11, 2007, defendant filed correspondence with the Court requesting a discovery conference, asserting that the requested tax returns were not relevant. Said correspondence made no reference to any prospective injury related to the disclosure of said documents. See Docket # 80.

On September 27, 2007 this Court issued an Order directing defendant Delaney to produce the tax documents.  On October 5, 2007 defendant filed a Motion to Reconsider.  On October 19, 2007 this Court denied the Motion to Reconsider and again ordered defendant to produce the requested tax documents.

On or about October 23, 2007 defendant partially complied with the September 27, 2007 and October 19, 2007 Order, producing only the first side of some of the requested tax documents.  Defendant did not request any confidentiality agreement or protective order before producing these documents.  Counsel for plaintiff requested that the remaining documents be produced.  Counsel for defendant Delaney claimed that the remaining documents were not available.

On October 30, 2007 plaintiff filed a Motion to Compel, attaching as an exhibit to said Motion the tax return documents that had been produced, thus making those documents part of the record.  See Docket Entry 100.  On November 13, 2007 defendant filed a Brief in Opposition to plaintiff's Motion to Compel, asserting *inter alia* that "Defendant Delaney in fact has located additional documents, and Defendant stands ready and is prepared to provide the documents to Plaintiff's counsel."  See *Defendant's Brief in Opposition to Plaintiff's Motion to Compel and for Sanctions* at p. 7, Docket

Entry 104. Defendant's Brief in Opposition went on to explain that despite their availability the documents would not be provided because "Plaintiff's counsel advised he was unwilling to withdraw the instant Motion unless his attorney's fees are paid." *Id.* Notably, defendant did not object to the addition of the tax returns to the record, and made no mention of any prospective or actual injury to defendant with regard to the tax returns.

Despite this acknowledgement that the requested documents were available and in the possession of defendant's counsel, the documents were still not disclosed. On November 6, 2007, counsel for defendant agreed to provide the requested documents if plaintiff withdrew the pending motion for sanctions. Plaintiff refused. On November 8, 2007 counsel for defendant first broached the subject of a confidentiality agreement regarding the tax information with counsel for plaintiff. Counsel for plaintiff agreed to a confidentiality agreement with regard to defendant Delaney's home telephone information, but declined to enter into a confidentiality agreement with regard to the tax information – in part because much of the material that would be subject to the agreement was already part of the record. On November 28, 2007 counsel for plaintiff informed counsel for defendant that if the documents were not produced, plaintiff would file a second Motion for

Sanctions. Defendant finally disclosed the requested documents on or about December 3, 2007.

Now defendant seeks a protective order.

II.   QUESTION PRESENTED

Question Presented: Should the Court issue a Protective Order regarding relevant documents that have already been disclosed, where the party requesting said Order has failed to show any cause and where some of the documents to be subject of the proposed protective order are already part of the record?

Suggested Answer:  No.

III.   ARGUMENT

The judicial process is open and public, as evinced by the right of the public to attend trials and access judicial records. This openness "promotes public confidence in the judicial system," "diminishes possibilities for injustice, incompetence, perjury, and fraud," and "provide[s] the public with a more complete understanding of the judicial system." *United States v. Wecht,* 484 F.3d 194, 206 (3d, Cir. 2007), quoting *Littlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir. 1988).

While courts have the authority to issue orders limiting the dissemination of information in litigation, "simply because courts have the power to grant

orders of confidentiality does not mean that such orders may be granted arbitrarily". *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785 (3d. Cir. 1994). To the contrary, such orders are appropriate only where the party requesting the order has shown that the order is necessary to prevent a specific, serious and definable injury.

Federal Rule of Civil Procedure 26(c) provides that a person from whom discovery is sought may move the court, for good cause shown, to issue an order protecting the person or party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). However, such orders are not to be issued as a matter of course:

> [T]he court is authorized to issue a protective order <u>only</u> after a showing that good cause exists for the protection of the material. The party requesting the protective order has the burden of demonstrating good cause.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995), emphasis added. The *Glenmede* Court went on to define "good cause":

> "Good cause" is established when it is specifically demonstrated that disclosure will cause a <u>clearly defined and serious injury</u>. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice.

<u>Id.</u> citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) emphasis added, internal quotations omitted.

Defendant has not made a showing of good cause for a protective order. In fact, defendant has not referenced any cause whatsoever for her request, nor has she referenced any "clearly defined and serious injury" requiring a protective order. Defendant's motion and brief are entirely devoid of specific examples or even of a coherent theory of how harm might possibly come to her in the absence of a protective order.

Because defendant has failed to make a showing of good cause for the requested protective order, defendants request should be denied.

/s/ George R. Barron
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088