IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON SCHMID, | : | |
| | : | No. 3:05-CV-1660 |
| Plaintiff, | : | |
| v. | : | |
| | : | Honorable William J. Nealon |
| BORTON-LAWSON ENGINEERING, | : | Hon. Thomas M. Blewitt |
| INC., CHRISTOPHER BORTON, | : | |
| THOMAS LAWSON, MARY ELLEN | : | JURY TRIAL DEMANDED |
| PETCAVAGE, MELISSA FISHER, | : | |
| BETH ANN DELANEY, and | : | |
| CORPORATE COUNSELING AND | : | |
| TRAINING SERVICES, INC., | : | |
| | : | |
| Defendants. | : | **FILED ELECTRONICALLY** |

**BRIEF OF DEFENDANT BETH ANN DELANEY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

I.  **PROCEDURAL HISTORY.**

Plaintiff Sharon Schmid commenced this action by the filing of a Complaint against Borton Lawson Engineering, Inc. ("BLE"), her former employer, on

1

August 15, 2005. With leave of Court, on November 14, 2006, Plaintiff filed a First Amended Complaint, joining Beth Ann Delaney as an additional Defendant.[1] After the Court denied Defendant Delaney's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), an Answer with Affirmative Defenses was filed on Defendant Delaney's behalf on February 15, 2007. On November 30, 2007, the Court entered an Order extending the deadline for filing dispositive motions until January 7, 2008.

## II.   STATEMENT OF FACTS.

Defendant Delaney incorporates herein by reference her Statement of Material Facts submitted in connection with her Motion for Summary Judgment.

## III.   QUESTIONS PRESENTED.

A.   Whether Plaintiff's claims for invasion of privacy, breach of fiduciary duty/ confidential relationship, negligence and negligence *per se* are barred by the applicable statutes of limitations?

B.   Whether Plaintiff has failed to establish a *prima facie* claim for invasion of privacy?

C.   Whether Plaintiff's negligence *per se* claim fails as a matter of law as 49 Pa. Code § 41.61, 50 Pa. C.S. §7101, et seq. and 55 Pa. Code 5100.31 – 39, are not applicable to Defendant Delaney, a licensed social worker?

---

[1] Plaintiff's First Amended Complaint also joined as additional Defendants Christopher Borton, Thomas Lawson, Mary Ellen Petcavage and Melissa Fisher, all of whom were principals or employees of BLE at all relevant times, and Corporate Counseling and Training Services, Inc., the entity of which Defendant Delaney is the sole principal.

D.  Whether Plaintiff's lost wages claim against Defendant Delaney fails inasmuch as Plaintiff was not terminated from her employment with BLE as a result of any act or omission on the part of Defendant Delaney?

E.  Whether Plaintiff's claims for damages arising from the alleged loss or impairment of her relationships with and her ability to trust mental health practitioners; the alleged fear that information she discloses in confidence to mental health practitioners will be disclosed to others; the alleged impairment of her ability to engage in meaningful treatment for her mental illness; the alleged loss of her ability to provide herself with the rewards of her chosen career; and for shock, anxiety, mental anguish, humiliation, and loss of self-esteem all must fail, inasmuch as Plaintiff has presented no competent evidence to support these claims?

**IV.    STANDARD OF REVIEW.**

In considering a Motion for Summary Judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L.Ed. 2d 202, 106 S. Ct. 2505 (1986). Only facts that may affect the outcome are "material." Id., at 248. All reasonable inferences from the record are drawn in

favor of the non-moving party. Id. at 256. Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. J.F. Feeser, Inc. v. Serve-A-Portion, Inc., 909 F. 2d 1524, 1531 (3rd Cir. 1990), cert. denied, 499 U.S. 921, (1991) (citations omitted).

Plaintiff, however, cannot avert summary judgment with speculation or by resting on the allegations in the pleadings, but rather must present competent evidence from which a jury could reasonably find in its favor. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F. 3d 238, 252 (3rd Cir. 1999). If the moving party makes an appropriate showing, the burden is on the non-moving party to demonstrate that there is a genuine issue of material fact by coming forward with sufficient evidence from which a reasonable jury could return a verdict for the non-moving party. U.S. v. 1007.9 Acre Parcel of Land, 898 F. 2d 396, 398 (3rd Cir. 1990).

**V.     LEGAL ARGUMENT.**

   **A.     Plaintiff's claims for invasion of privacy, breach of fiduciary duty/ confidential relationship, negligence and negligence *per se* are barred by the applicable statutes of limitations.**

All of Plaintiff's causes of action against Defendant Delaney – breach of contract, invasion of privacy, breach of fiduciary duty and/ or confidential relationship, negligence and negligence *per se* – arise out of and are premised upon

4

the alleged disclosure by Delaney of certain confidential information in an email to BLE on October 27, 2003. Plaintiff's First Amended Complaint (as corrected), which joined Delaney as an additional Defendant, was not filed until November 14, 2006, more than <u>three years</u> after the email in question was transmitted.

Plaintiff's invasion of privacy claim is subject to the one-year statute of limitations found at 42 Pa. C.S. §5523(1). Further, Plaintiff's claims of breach of fiduciary duty/ confidentiality, negligence and negligence *per se* are subject to the two-year statute of limitations found at 42 Pa. C.S. §5524(7), which applies to any "action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct." <u>See also</u> <u>Burger v. Blair Medical Assoc., Inc.</u>, 928 A. 2d 246 (Pa. Super. 2007) (claim for breach of patient confidentiality subject to two-year statute of limitations). Unquestionably, Plaintiff's invasion of privacy claim is barred by 42 Pa. C.S. §5523(1), as her First Amended Complaint was filed more than one year after the cause of action against Delaney accrued. Likewise, Plaintiff's breach of fiduciary duty/ confidentiality, negligence and negligence *per se* claims are barred by 42 Pa. C.S. §5524(7), inasmuch as her First Amended Complaint was filed more than two years after those causes of action accrued.

Plaintiff undoubtedly will argue that her claims against Delaney relate back to the filing of her initial Complaint against BLE in August 2005 and thus are not

5

time barred.  In so doing, Plaintiff likely will rely upon the Court's Memorandum and Order dated October 24, 2006 (DOC 38), pursuant to which Plaintiff was granted leave to join Delaney as an additional Defendant.  Initially, although the Court in its Memorandum reasoned that an amendment under Rule 15(a) that would unduly prejudice an opposing party properly may be denied, notably there was no specific finding by the Court as to whether Defendant Delaney would be prejudiced by allowing Plaintiff to join her after the running of the statutes of limitations.  Rather, the Court simply concluded that BLE (and the individually named BLE Defendants) would not be prejudiced by this delay.  Certainly, Defendant Delaney, who had no notice of Plaintiff's motion for leave to amend, and thus had no reasonable opportunity to respond to the motion, has been severely prejudiced by having to defend against several time-barred claims.

Furthermore, the Court, in its Memorandum, made several assumptions of fact in order to justify the joinder of Delaney that simply have not borne out during the course of discovery.  First, the Court reasoned that although Delaney (and CCTS) "were not identified in the original complaint, it is plausible that they had knowledge of its existence because they were involved in discussion with BLE regarding plaintiff's expressions of dissatisfaction with BLE's attention to her disability."  <u>See</u> DOC 38, p. 6.  On the contrary, there is no evidence of record to suggest that Defendant Delaney knew or had reason to know that Plaintiff filed suit

6

against her former employer, and the mere fact that Plaintiff may have "expressed dissatisfaction with BLE's attention to her disability" in 2003 in and of itself is not sufficient notice of a lawsuit, which was filed nearly two years later in 2005.

The Court further reasoned that "[c]ertainly all the proposed parties had knowledge of the relevant email and could, or should have, foreseen litigation stemming from its disclosure." See DOC 38, p. 6.  Again, the facts of record do not support this assumption.  First, it is uncontroverted that Defendant Fisher, who made the decision to terminate Plaintiff, as well as Defendants Borton and Lawson, were not aware of the existence of the email prior to Plaintiff's termination, and that the email had absolutely no bearing on Fisher's decision to terminate Plaintiff's employment.  Moreover, Plaintiff acknowledged that she never advised Delaney, or any current or former employee of BLE, of her intent to sue Delaney.  Thus, the conclusion that the collective Defendants should have known Delaney's email would lead to a lawsuit against Delaney cannot reasonably be drawn from the facts.

The Court also reasoned that "Delaney certainly knew that she had sent information regarding Schmid to Petcavage and she may have known that, pursuant to a meeting recommended by her email, Schmid's employment with BLE was terminated." See DOC 38, p. 19.  Again, however, it is undisputed that the meeting recommended by Delaney in her October 27, 2003 email never took place,

and certainly Plaintiff was not terminated during any meeting convened at Delaney's behest. Rather, the meeting at which Plaintiff was terminated was convened at the request of Defendant Fisher, Plaintiff's direct supervisor.

As the Court noted in its Memorandum, "an amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake." See DOC 38, p. 18. From the facts of record, it is clear that Delaney did not have adequate notice of Plaintiff's pending lawsuit against BLE and, more importantly, Delaney had no reason to know or suspect that she would be joined as an additional Defendant, and thus her joinder to this action was improper. Plaintiff's claims for invasion of privacy, breach of fiduciary duty/ confidentiality, negligence and negligence *per se* do not relate back to Plaintiff's initial filing, and the claims are time-barred as a matter of law.

**B.     Plaintiff has failed to establish a *prima facie* claim for invasion of privacy.**

To establish a cause of action for invasion of privacy, a plaintiff must demonstrate there was an intentional intrusion on the seclusion of her private concerns which was substantially and highly offensive to a reasonable person. A plaintiff also must demonstrate sufficient facts to establish that the information disclosed would have caused mental suffering, shame, or humiliation to a person of normal sensibilities. ProGolf Manuf., Inc. v. Tribune Review Newspaper Co., 570

Pa. 242, 247, 809 A. 2d 243 (2002).

Here, even assuming Delaney was not authorized to transmit the email in question, as Plaintiff claims, Plaintiff has not proffered sufficient facts to suggest that the email was <u>intended</u> by Delaney to be an intrusion into the seclusion of Plaintiff's private concerns, or that transmitting the email would be "substantially and highly offensive" to any reasonable person.  Moreover, Plaintiff has failed to adduce sufficient facts to prove, directly or inferentially, that the mere transmission of the email would have "caused mental suffering, shame, or humiliation" to a person of normal sensibilities.  In fact, Plaintiff cannot specifically recall whether she reported to any treating physician in particular that she was suffering from shock, anxiety, mental anguish, humiliation, or loss of self-esteem, and certainly there is no evidence to prove, directly or inferentially, that Plaintiff was suffering from these maladies directly as a result of Delaney's email.  Accordingly, Plaintiff has failed to establish a *prima facie* claim for invasion of privacy.

      **C.**    **Plaintiff's negligence *per se* claim fails as a matter of law as 49 Pa. Code § 41.61, 50 Pa. C.S. §7101, <u>et seq.</u>  and  55 Pa. Code § 5100.31 – 39, are not applicable to Defendant Delaney, a licensed social worker.**

Plaintiff's negligence *per se* claim against Delaney is premised upon purported violations of 49 Pa. Code §41.61, 50 Pa. C.S. §7101, <u>et seq.</u> and 55 Pa. Code § 5100.31 – 39, none of which are applicable to Delaney, in her professional capacity as a licensed social worker.  49 Pa. Code §41.61 is the Code of Ethics for

the State Board of <u>Psychology</u>, adopted pursuant to the Professional Psychologists Practices Act.  Defendant Delaney is <u>not</u> a psychologist, and thus she is not subject to the Board of Psychology's Code of Ethics.

50 Pa. C.S. §7101 <u>et seq.</u> is the Mental Health Procedures Act which, by its own terms, "establishes rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons," and applies to "facilities" that include "any mental health establishment, hospital, clinic, institution, center, day care center, base service unit, community mental health center, or part thereof, that provides for the diagnosis, treatment, care or rehabilitation of mentally ill persons, whether as outpatients or inpatients." 50 Pa. C.S. §7103.  55 Pa. Code § 5100.31, <u>et seq.</u> are regulations that "appl[y] to records of persons seeking, receiving or having received mental health services from any facility" as defined in the Act.  Delaney is not a "facility" as the term is defined by the Act, and thus the Act and its regulations do not apply to her.  Accordingly, Plaintiff's negligence *per se* claim fails as a matter of law.

**D.   Plaintiff's lost wages claim against Defendant Delaney fails inasmuch as Plaintiff was not terminated from her employment with BLE as a result of any act or omission on the part of Defendant Delaney.**

Critical to the viability of each of Plaintiff's claims against Delaney, and particularly her lost wages claim, is proof of causation.  <u>See</u> <u>Taylor v. Jackson</u>, 643

10

A. 2d 771, 775 (Pa. Super. 1994) ("[E]ven when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be shown to have been the proximate cause of plaintiff's injury.") (citations omitted). "Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." Lux v. Gerald E. Ort Trucking, Inc., 887 A.2d 1281, 1287-88 (Pa. Super. 2005) (citations omitted).  Thus, even assuming Defendant Delaney breached a duty she may have owed to Plaintiff in transmitting the October 27, 2003 email (whether a contractual duty, arising under the EAP Agreement, or a professional duty, arising in the context of the social worker-client relationship), in order for Plaintiff to recover lost wages against Delaney, she must be able to establish an actual and proximate causal connection between Delaney's transmission of the October 27, 2003 email and the termination of her employment.[2]  This Plaintiff cannot do.

Even before Plaintiff's motion to join Delaney as an additional Defendant was conceived, drafted and filed, Petcavage testified under oath that she never shared or discussed Delaney's email with anyone at BLE, and Fisher testified under oath that she did not know about the email, either before or after the decision to terminate Plaintiff was made.  Thus, the facts of record clearly establish that

---

[2] Plaintiff has stipulated that she is not seeking to recover future lost wages.

Defendant Delaney's email had absolutely no bearing on the decision to terminate Plaintiff's employment. Defendants Fisher, Borton and Lawson all have offered sworn statements attesting to the fact that they were not even aware of the existence of Delaney's email on or before October 28, 2003, the date on which Plaintiff was terminated. Further, Defendants Borton, Lawson, Fisher and Petcavage all have offered sworn statements attesting to the fact that the October 28, 2003 meeting at which Plaintiff was terminated was not convened in response to Delaney's email, and the issue of whether Plaintiff was building a "hostile environment" claim against BLE was not discussed at that meeting. Even more significantly, Plaintiff has acknowledged that she is aware of absolutely no facts to contradict these statements.

Plaintiff therefore has failed to demonstrate that Delaney's transmission of the email in question to Petcavage was the actual or proximate cause of her termination. Accordingly, Plaintiff's claims for breach of contract, breach of fiduciary duty/ confidentiality, negligence and negligence *per se* all must be dismissed, to the extent Plaintiff seeks to recover lost wages against Delaney.

**E.    Plaintiff's claims for damages arising from the alleged loss or impairment of her relationships with and her ability to trust mental health practitioners; the alleged fear that information she discloses in confidence to mental health practitioners will be disclosed to others; the alleged impairment of her ability to engage in meaningful treatment for her mental illness; the alleged loss of her ability to provide herself with the rewards of her chosen career; and for shock, anxiety, mental anguish, humiliation, and loss of self-**

**esteem all must fail, inasmuch as Plaintiff has presented no competent evidence to support these claims.**

Included among Plaintiff's alleged damages are (1) the alleged loss or impairment of her relationships with and her ability to trust mental health practitioners; (2) the alleged fear that information she discloses in confidence to mental health practitioners will be disclosed to others; (3) the alleged impairment of her ability to engage in meaningful treatment for her mental illness; (4) and the alleged loss of her ability to provide herself with the rewards of her chosen career.

With regard to any relationships Plaintiff has with medical and mental health providers, Plaintiff testified she does not "feel any of my relationships were necessarily impaired".  Further, Plaintiff has not refused to take medical advice because of a lack of trust in the health care provider, and Plaintiff confirmed that she does not "refuse to take anybody's medical advice." Also, Plaintiff cannot say that, in general, she no longer trusts social workers.

Plaintiff has not received medical treatment specific to her claim of the impairment of her relationships with and her ability to trust mental health practitioners; to her claim of her fear that information she discloses in confidence will be disclosed to others; to her claim of her loss and/ or impairment of the ability to trust mental health practitioners; to her claim of the impairment of her ability to engage in meaningful treatment for her mental illness; or to her claim of the loss of the ability to provide herself with the rewards of her chosen career.

Plaintiff also cannot specifically recall reporting to any treating physician in particular that she was suffering from shock, anxiety, mental anguish, humiliation, or loss of self-esteem, and there is absolutely no evidence proving that Plaintiff was suffering from any of these alleged maladies as a result of Delaney's transmission of the email in question.

In view of the foregoing, Plaintiff has failed to offer sufficient proof in support of any of her purported "emotional distress" damages, and accordingly Plaintiff's emotional distress damages claims should be dismissed.

### VI.   CONCLUSION.

For the foregoing reasons, Defendant Beth Ann Delaney respectfully requests that this Honorable Court grant her Motion for Summary Judgment.

                              Respectfully Submitted,

                              **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE: January 4, 2008      BY:   *s/ Sharon M. O'Donnell, Esquire*
                                                  Sharon M. O'Donnell, Esquire
                                                  I.D. No. 79457
                                                  Christopher J. Conrad, Esquire
                                                  I.D. No. 202348
                                                  4200 Crums Mill Road, Suite B
                                                  Harrisburg, PA  17112
                                                  (717) 651-3503
                                                  smodonnell@mdwcg.com
                                                  *Attorneys for the Defendant*
                                                  *Beth Ann Delaney*

## **CERTIFICATE OF SERVICE**

I, Christopher J. Conrad, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, do hereby certify that on the 4th day of January 2008, I served a copy of the **Brief in Support of Motion for Summary Judgment** via the Court's ECF system as follows:

| | |
|---|---|
| George R. Barron, Esquire<br>Gettysburg House<br>88 North Franklin Street<br>Wilkes-Barre, PA  18701<br>   *Attorney for Plaintiff* | James C. Oschal, Esquire<br>Thomas J. Campenni, Esquire<br>Rosenn, Jenkins & Greenwald, LLP<br>15 South Franklin Street<br>Wilkes-Barre, PA  18711<br>   *Attorney for Borton-Lawson Engineering, Inc., Christopher Borton, Thomas Lawson, Mary Ellen Petcavage and Melissa D. Fisher* |
| Anne B. Cianflone, Esquire<br>Hinman, Howard & Kattell, LLP<br>321 Spruce Street, Suite 705<br>Scranton, PA  18503<br>*Attorney for Defendant CCTS, Inc.* | |

                                         **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:  *s/ Christopher J. Conrad, Esquire*
         Christopher J. Conrad, Esquire
         I.D. No. 202348
         4200 Crums Mill Road, Suite B
         Harrisburg, PA  17112
         (717) 651-3501
         cjconrad@mdwcg.com
         *Attorneys for the Defendants*
         *Beth Ann Delaney*