# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Sharon Schmid** | : | Case No.: 3: 05-CV-1660 |
|    **Plaintiff** | : | |
| | : | |
|    vs. | : | (Honorable Thomas M. Blewitt) |
| | : | |
| **Borton-Lawson Engineering,** | : | |
| **Inc., et al.** | : | **JURY TRIAL DEMANDED** |
|    **Defendants** | : | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT BETH ANN DELANEY

George R. Barron, Esquire
88 North Franklin Street
Wilkes Barre, PA 18701
Telephone: (570) 824-3088
Attorney for Plaintiff

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Citations | ii |
| Introduction | 1 |
| Statement of Facts | 2 |
| Standard of Review | 2 |
| Argument | 3 |

# TABLE OF CITATIONS

|  | page |
|---|---|
| <u>Cases</u> | |
| <u>Bixler v. Central Pennsylvania Teamsters Health and Welfare Fund,</u> 12 F.3d 1292 (3d Cir. 1993) | 2 |
| <u>Clark County School District v. Breeden,</u> 532 U.S. 268 (2001) | 8 |
| <u>DeJesus v. VA,</u> 479 F.3d 271, (3d. Cir, 2007) | 7 |
| <u>Harris v. Easton Publishing Company,</u> 483 A.2d 1377, (Pa. Super. 1984) | 5 |
| <u>Jalil v. Avdel Corp.,</u> 873 F.2d 701, (3d. Cir. 1978) | 8 |
| <u>LeBoon v. Lancaster Jewish Community Center Association,</u> 503 F.3d 217, (3d. Cir. 2006) | 7 |
| <u>McGuire v. Shubert,</u> 722 A.2d 1087, (Pa. Super. 1998) | 6 |
| <u>Meyer v. Riegel Prods. Corp.,</u> 720 F.2d 303, (3d Cir. 1983) | 3 |
| <u>Ms. B. v. Montgomery County Emergency Service, Inc.,</u> 799 F. Supp. 534 (E.D. Pa. 1992) | 9 |
| <u>O'Donnell v. United States,</u> 891 F.2d 1079, (3d Cir. 1989) | 10 |
| <u>Tuman v. Genesis Associates,</u> 935 F.Supp. 1375, (E.D. Pa. 1996). | 4 |

|  | page |
|---|---|
| **Other** | |
| Fed. R. Civ. P. 56(c) | 2 |
| Section 652B of the Restatement (Second) of Torts. | 5 |
| 50 Pa. Cons. Stat. § 7114. | 7 |

Plaintiff Sharon Schmid ("Ms. Schmid"), by and through her attorney, George R. Barron, Esq. respectfully submits this Brief in Opposition to the Motion for Summary Judgment of Defendant Beth Ann Delaney.

## INTRODUCTION

The instant Complaint against Beth Ann Delaney arises out of a suit filed by Ms. Schmid against defendant Borton-Lawson Engineering, Inc. ("BLE"). Ms. Schmid was employed by BLE, and was fired after requesting and being denied reasonable accommodations for her disability.

During the discovery process, BLE produced an e-mail dated October 27, 2003 from Beth Ann Delaney ("Delaney"), a Licensed Social Worker, to Mary Ellen Petcavage ("Petcavage") of BLE. *See Plaintiff's Exhibit R*. Delaney and her business entity, Corporate Counseling and Training Service ("CCTS")[1] had contracted with BLE to provide counseling and counseling services to BLE employees as part of an Employee Assistance Program ("EAP"). *See Plaintiff's Exhibit A*. Ms. Schmid had attended counseling sessions with Delaney pursuant to the EAP. BLE employees, including Ms. Schmid, were assured repeatedly by BLE and Delaney that the counseling they would receive was confidential. *See Plaintiff's Exhibit S*.

---

[1] CCTS is also a Defendant in the instant suit, but has not filed a Motion for Summary Judgment. Accordingly, this Brief addresses only Delaney's actions and omissions.

On October 27, 2003, Ms. Schmid expressed to Delaney her frustration that BLE would not accommodate her disability by adjusting her start time, and related that she was considering legal action against BLE. Despite her assurances of confidentiality and her duty to keep her client's confidences, Delaney immediately told BLE of Ms. Schmid's intentions via the October 27, 2003 email to Defendant BLE. BLE fired Ms. Schmid the next day.

## STATEMENT OF FACTS

Ms. Schmid incorporates the facts as stated in the Plaintiff's Counter Statement of Facts in Opposition to Beth Ann Delaney's Statement of Material Facts. Ms. Schmid will not recite the facts again here, but notes that there are significant disputes of material fact.

## STANDARD OF REVIEW

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When considering a motion for summary judgment this court must view all evidence in favor of the non-moving party." Bixler

v. Central Pennsylvania Teamsters Health and Welfare Fund, 12 F.3d 1292, 1297 (3d Cir. 1993); Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 (3d Cir. 1983), cert. denied, 465 U.S. 1091 (1984).

ARGUMENT

SIGNIFICANT DISPUTES OF MATERIAL FACT EXIST: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED

A.  None of Plaintiff's claims are barred by the applicable statutes of limitation.

In the Memorandum and Order dated October 24, 2006 (Doc. 38), this Court granted plaintiff leave to amend the Complaint to, *inter alia*, join Delaney as a defendant. The Court decided pursuant to Rule 15(c) of the Federal Rules of Civil Procedure that the Complaint against Delaney should relate back to the original filing date. That decision was correct, and should stand.

Because this Court has already decided this issue, the law of the case doctrine is controlling. Where, as here, "there is no intervening new facts or law" and "the earlier decision (is not) so clearly erroneous that it would create a manifest injustice", the law of the case doctrine should control. St. Thomas - St. John Hotel & Tourism Association v. Virgin Islands, 357 F.3d

3

297, 301-302 (3d Cir. 2004), citing <u>In re: City of Philadelphia Litigation,</u> 158 F.3d 711, 718 (3d Cir. 1998).

As Judge Nealon stated in the Memorandum and Order, "[c]ertainly all of the proposed parties had knowledge of the relevant email and could, or should have, foreseen litigation stemming from its disclosure." (Doc. 38, p.6).  Defendant Delaney wrote the email in question and sent it to Defendant Petcavage, Human Resources Manager for BLE.  Doing so was an egregious breach of her professional duty to her client, Ms. Schmid.  *See Plaintiff's Exhibit E, Expert Report of Dr. Sheldon Gelman.*.  Whether defendant Delaney is as uninformed about her professional duties as a Licensed Social Worker and the acceptable standards of practice in that field as she appears to be is irrelevant – she had a duty to maintain confidentiality and she deliberately or recklessly breached that duty for her own personal gain.  Delaney's duties, as well as the standards of practice expected of Licensed Social Workers, are spelled out in Dr. Gelman's report. Dr. Gelman also specifies that numerous ways in which Delaney breached her duty and failed to meet the minimum standard of practice.[2]  Delaney knew or should have known that breaching her duty of confidentiality would harm

---

[2] Delaney has produced no expert report to rebut that of Dr. Gelman.

her client, Ms. Schmid, and that she would face legal action if Ms. Schmid learned of her betrayal.

While this Court's prior decision was based upon the "relation back' provision of the Federal Rules of Civil Procedure, a very similar standard exists under Pennsylvania law in the form of the discovery rule. The discovery rule "applies to toll the running of the statute of limitations when the plaintiff is unable, despite the exercise of diligence, to determine the existence of the injury or its cause." Tuman v. Genesis Associates, 935 F.Supp. 1375, 1381 (E.D. Pa. 1996). There is nothing in the record to contradict Ms. Schmid's assertion that she first learned of Delaney's breach of confidentiality when the October 23, 2003 email was disclosed by BLE in the Spring of 2006. The Amended Complaint adding Delaney as a defendant was filed less than one year later, well within the statutes of limitation for every cause of action brought against Delaney.

Ms. Schmid had no reason whatsoever to suspect that Delaney had disclosed confidential information to BLE until the email was produced by BLE in the course of litigation. Indeed, Delaney promised Ms. Schmid the opposite – that her communications would be held confidential. No amount of diligent inquiry would have allowed Ms. Schmid to discover Delaney's betrayal any earlier than she did. Accordingly, the discovery rule and the

5

"relation back" provision of the Federal Rules of Civil Procedure require that these causes of action survive Delaney's motion.

B.   Plaintiff has established a prima facie case for invasion of privacy

Delaney argues that Ms. Schmid has not established a prima facie case for invasion of privacy. The standard for this issue is clear. "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Harris v. Easton Publishing Company, 483 A.2d 1377, 1383 (Pa. Super. 1984) quoting Section 652B of the Restatement (Second) of Torts.

Delaney's email informing BLE of Ms. Schmid's intention to bring suit against them constitutes an invasion of privacy. Delaney was Ms. Schmid's counselor at the time that Ms. Schmid disclosed this information, and had a clear duty of confidentiality. The information shared within that relationship is private. Breaching this duty by disclosing private, confidential and very damaging information to Ms. Schmid's employer constituted an intrusion into Ms. Schmid's privacy.

That intrusion was "substantially and highly offensive." It cost Ms. Schmid her job and her livelihood. See McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super. 1998), finding an invasion of privacy where the security of the (private) information not only was invaded but also was introduced against the (plaintiffs') interests. This invasion of Ms. Schmid's privacy caused her to suffer the significant damages described in detail below and in Plaintiff's Counter-Statement of Facts. Because Ms. Schmid has established a prima facie case, Delaney's motion should be denied.

C.   Plaintiff's negligence per se claim does not fail as a matter of law

Delaney argues that she is not subject to the Pennsylvania Mental Health Procedures Act (MHPA), 50 Pa. C.S. §7101 et seq. because she is not a "facility" as that term is defined by the Act. The Act states, *inter alia*:

> For the purpose of this act, a "facility" means any mental health establishment, hospital, clinic, institution, center, day care center, base service unit, community mental health center, or part thereof, that provides for the diagnosis, treatment, care or rehabilitation of mentally ill persons, whether as outpatients or inpatients

Individual practitioners are covered under the MHPA. Observing that "[g]enerally, the terms of the MHPA have been broadly construed by Pennsylvania courts" the Third Circuit held that "the MHPA applies to physicians or other authorized persons who participate in a decision to treat

7

or examine a person under the act, or a decision regarding discharge". <u>DeJesus v. VA,</u> 479 F.3d 271, 283 and 284, (3d. Cir, 2007), *citing* <u>50 Pa. Cons. Stat. § 7114</u>. As a Licensed Social Worker, Delaney is certainly within the "other authorized persons" participating in treatment. Accordingly, Delaney's motion should be denied.

D.   <u>Plaintiff's lost wages claim survives against Delaney</u>

Delaney's challenge to Ms. Schmid's lost wages claim is based upon her contention that she cannot establish a causal link between the October 27, 2003 email and the termination of her employment on October 28, 2003. In fact, that causal link is clear beyond serious contention.

"Where the temporal proximity between the protected activity and the adverse action is unusually suggestive, it is sufficient <u>standing alone</u> to create an inference of causality and defeat summary judgment. <u>LeBoon v. Lancaster Jewish Community Center Association,</u> 503 F.3d 217, 232 (3d Cir. 2006) citing <u>Clark County School District v. Breeden,</u> 532 U.S. 268 (2001) (emphasis added). The Third Circuit has held that the plaintiff in an employment retaliation claim "demonstrated the causal link between the (protected activity and the adverse action) by the circumstance that the discharge followed rapidly, only two days later, upon (defendant's) receipt

8

of notice of (plaintiff's)  EEOC claim". <u>Jalil v. Avdel Corp.</u>, 873 F.2d 701, 708 (3d. Cir. 1978)**.**

The temporal proximity between the email and plaintiff's termination in this case is, without question, "unusually suggestive."  Ms. Schmid was fired the day after Delaney informed BLE of her intention to sue.  This fact alone casts significant doubt upon the veracity of the BLE defendant's assertions that the email warning them that plaintiff planned to sue BLE had nothing to do with plaintiff's termination.

Other facts also cast doubt upon the veracity of the BLE defendants' testimony.  Ms. Schmid received a performance appraisal only weeks before her termination that, while not reflective of a stellar performance, was inconsistent with the BLE defendants' assertions that plaintiff's poor job performance, attitude or attendance was the reason for her termination.  *See Plaintiff's Exhibit G.* Moreover, Ms. Schmid was not late for work following the warning issued by Defendant Fisher on October 23, 2003.  *See Plaintiff's Statement of Material Facts #14 and Defendant's Exhibit D ( Deposition of Melissa Fisher), pp 79-81.*

In addition, Defendant Petcavage testified that she "might have" discussed the October 27, 2003 e-mail from Delaney with Defendants Borton and Lawson, the principals of BLE.  *See Plaintiff's Counter-*

9

*Statement of Facts #21 and Defendant's Exhibit C (Deposition of Mary Ellen Petcavage) p. 45-56.*

In this context, the contention that the BLE defendants met to discuss plaintiff's employment, but ignored an email received the day before that warned them of plaintiff's intention to sue them is simply not believable. A jury could easily conclude on these facts that the defendants' testimony lacks credibility, and therefore summary judgment must be denied.

E.  <u>Plaintiff has set forth adequate proof of her emotional distress damages.</u>

The damages resulting from a breach of confidentiality in a mental health treatment setting are obvious. In <u>Ms. B. v. Montgomery County Emergency Service, Inc.</u>, *799 F. Supp. 534* (E.D. Pa. 1992) the court discussed those damages:

> Breaches of confidentiality create several types of harm. First, the breach may produce direct negative consequences for the patient. . . . Second, the patient may suffer harm simply from knowing that elements of the intimate details of his life have been laid bare for the uninvited viewer. Third, the patient may suffer harm to his public image that, if the public disclosures are true, cannot be rehabilitated through legal action. Finally, the patient-doctor relationship, founded as it is on trust, may be irredeemably shattered.

<u>Id.</u> at 538, citing <u>O'Donnell v. United States</u>, 891 F.2d 1079, 1086 (3d Cir.

10

1989) (internal citation omitted).

Contrary to Delaney's contentions, Ms. Schmid has provided considerable evidence in support of these claims. Plaintiff testified to the following at her deposition:

> "after I found out about this e-mail that Beth Ann sent to Borton-Lawson had a large effect on my ability to trust who I was going to - - you know, what doctor I was going to see next."

*See Defendant's Exhibit B, Part 1 (Deposition of Sharon Schmid) p. 189.*

Plaintiff continued:

> " . . . obviously, it's always going to be in the back of my mind what is - - is - - is what I say going to be confidential. You know? So I can't fully disclose information to - - to people that I go to for help because I don't know if I can trust them. You know? So it's not conducive to any treatment to me."

*See Defendant's Exhibit B, Part 1 (Deposition of Sharon Schmid) p. 193.*

Plaintiff also testified:

> "I said that I have lost trust –trust and faith in – in the – the whole moral value of confidentiality during counseling sessions."

*See Defendant's Exhibit B, Part 1 (Deposition of Sharon Schmid) p. 198.*

*Also see Plaintiff's Exhibit M (Declaration of Sharon Schmid).*

As a result of Delaney's actions, Ms. Schmid was fired from her job. She lost wages and benefits, and the loss of her job exacerbated Ms. Schmid's depression. *See Plaintiff's Counter-Statement of Facts # 53 and*

11

*Defendant's Exhibit B, Part 1 (Deposition of Sharon Schmid) pp.167 – 175 and pp. 184-187, Plaintiff's Exhibit N (Deposition of Peter Schmid) pp. 62-65, Plaintiff's Exhibit Q (Medical Records of Dr. Michael Church).* The financial and emotional pressure introduced additional strife to her marriage, which ended in divorce. *See Plaintiff's Counter-Statement of Facts # 53 and Plaintiff's Exhibit M ( Declaration of Sharon Schmid) and Plaintiff's Exhibit N (Deposition of Peter Schmid) pp. 62-65.* Ultimately, the financial pressures forced Ms. Schmid and her former husband to file for bankruptcy. *See Plaintiff's Counter-Statement of Facts # 53, Plaintiff's Exhibit M ( Declaration of Sharon Schmid) and Plaintiff's Exhibit N (Deposition of Peter Schmid) pp. 62-65.* The emotional turmoil and deepening depression from the loss of her job culminated in a psychiatric hospitalization for her suicidal ideation. *See Plaintiff's Counter-Statement of Facts # 53, Plaintiff's Exhibit N (Deposition of Peter Schmid) pp. 62-65 and Plaintiff's Exhibit P, (Medical Records of First Hospital Wyoming Valley).*

Upon learning in Spring, 2006 that Delaney had betrayed her confidence, Ms. Schmid was injured anew. Although she continued receiving medication to treat her mental illness, she found it difficult to engage in counseling sessions as part of her therapy. See Plaintiff's Counter-Statement of Facts # 45, *Defendant's Exhibit B, Part 1 (Deposition*

*of Sharon Schmid) p. 189, 198 and 193 and Plaintiff's Exhibit M (Declaration of Sharon Schmid).* When she was able to resume counseling, "trust issues" dominated the counseling. *See Plaintiff's Counter –Statement of Facts # 48, Plaintiff's Exhibit M ( Declaration of Sharon Schmid) and Plaintiff's Exhibit O (Medical Records of Dr. Mark Saxon and Therapist Maggie Ackerman).* In addition, she was and remains angry and dismayed by Delaney's self-serving betrayal, and has more difficulty trusting mental health professions and therefore entering into relationships conducive to the treatment of her chronic depressive illness. *See Plaintiff's Exhibit M ( Declaration of Sharon Schmid.*

In conclusion, significant questions of fact remain in this case, and summary judgment is inappropriate. Based upon the foregoing, Ms. Schmid respectfully requests that defendant Beth Ann Delaney's Motion for Summary Judgment be denied.

                                                Respectfully Submitted,

                                                S/ George R. Barron
                                                GEORGE R. BARRON, ESQUIRE
                                                Attorney for Plaintiff
                                                88 North Franklin Street
                                                Wilkes Barre, PA 18701
                                                Telephone (570) 824-3088

## CERTIFICATION OF WORD COUNT

I, George R. Barron, Esq., hereby certify that the preceding document contains 2,981 words as determined by the automatic word count feature of Microsoft Word.

Date: 02/06/2008                               /s/George R. Barron
                                               PA Id. # 88747
                                               Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing document was served upon defendants' counsel via ECF.

Date: 02/06/2008                                     /s/George R. Barron
                                                                                PA Id. # 88747
                                                                                Counsel for Plaintiff